## HURTIN *vs.* PROAL.

*In the matter of the Estate of* CHARLOTTE T. HAULENBECK, *deceased.*

THE intestate having left surviving her neither father, nor mother, nor brother, sister, nor descendants,—*Held*, that her next of kin of equal degree were entitled to share in the distribution of her estate *per capita*.

The method of determining the propinquity of kindred is regulated by the civil law, which counts from the intestate as *persona proposita*. The only exception to this rule is one which prefers brothers and sisters to grand-parents, but the exception is limited to that precise case; and does not reach to the next degree so as to prefer brothers' and sisters' children to grand-parents' children.

Uncles and aunts are in the same degree with nephews and nieces, and in default of nearer kindred, share equally on the distribution.

Representation never changes or advances the degree, though where the degrees are unequal it operates, when declared by the statute, to give the representatives of a deceased person the share he would have taken if living.

W. C. FREEMAN,
PHILIP REYNOLDS, *for Nephews and Nieces.*

J. W. GOTT, *for the Uncle.*

I. An uncle is next of kin when the deceased leaves no brother or sister, and no children of a brother or sister; and he is of equal degree of kindred with a nephew or niece.—(2 *Williams on Execr's.*, 1296 & 1273; *Dayton on Surrogates,* 241, 242 & 243; 2 *Blackstone's Com.* 516, *Notes*, † & ‡; 1 *Atkyn*, 454; 2 *Vesey*, sen'r., 213; 2 *Kent's Com.*, 422, 425.)

In the case of *Durant & wife* vs. *Prestwood*, (1 *Atkyn*, 454;) the Lord Chancellor said :—"As by our computation the aunts and nephews are in equal degree of relation to the intestate, they are equally entitled under the statute of distributions; and as no representation can be allowed, they are to take *per capita* and not *per stirpes.*" The defendants Thomas and Charlotte Anne Prestwood, children of the only brother of the intestate, claimed the whole of the estate. It was ordered to be equally divided between them and two aunts of the intestate. This decision was made under the statute of Charles II.

II. The 7th section of the statute, 22 Charles II., provided, that in case there was neither wife nor children, the estate should be equally divided amongst the next of kin in equal degree. The 8th section of our statute provides, that if there be no widow or children or their representatives, the estate shall go to the next of kin in equal degree, and their representatives. (2 *Rev. Stat. p.* 28.) Section 7th of the English statute. is in the words following, viz :—In case there be no wife, then all the said estate to be distributed equally to, and amongst the children; and in case there be no child, then to the next

of kindred in equal degree of or unto the intestate, and their legal representatives.—(2 *Williams on Exec'rs* 1273.) The 8th sub-division of the New York statute, is as follows :—In case there be no widow, and no children, and no representatives of a child, then the whole surplus shall be distributed to the next of kin in equal degree to the deceased, and their legal representatives. In the case of *Lloyd* vs. *Tench*, (2 *Vesey, sen'r.,* 213 ;) it was held, that the rule of computation should be by the civil law ; that by such rule, uncles and aunts, and nephews and nieces were in equal degrees. The intestate in this case left a nephew, a niece, and an aunt—the distribution was directed to be made equally.—(*Buissieres* vs. *Albert*, 2 *Cas. Temp. Lee*, 51 ; 2 *Kent's Com.* 422, 425.)

THE SURROGATE.—The parties claiming as next of kin on the distribution of the estate, are several nieces and nephews, and an uncle of the deceased ; there being no father nor mother, brother nor sister living. The disposition of the assets falls under the fifth subdivision of the eighty-second section of the Revised Statutes, (*page* 281, *4th edition*,) which provides, that in case there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin in equal degree to the deceased and their legal representatives. The ninth subdivision of the same section also provides, that where the next of kin entitled to share in the estate are of equal degree, their shares shall be equal. In the present instance, the decedent was unmarried, and left no parents, grand-parents, brothers or sisters. The statute of distributions, seems to have been taken in some degree from the 118th Novel of Justinian, which defined the rights of kindred to the succession to the estate of an intestate. The English statute was penned by Sir Walter Walker, (1 *P. Wms.*, 27 ;) a famous civilian ; and at a very early period, its interpretation was declared to be regulated by the principles of the civil law. The great British commentator is unwilling to acknowledge this derivation of the statute from

the Roman Law, and considers its provisions little more than a statutory restoration, with some changes, of the ancient and established custom of England.—(2 *Bl. Com.* 516.) While this view is just, so far as relates to the share of the widow, yet, in other respects the distribution of the estate, and the shares of the kindred, as well as the method of computing their degrees to the intestate, are regulated mainly by the civil law. The only exception to this rule that I can find, was adopted at an early period in favor of brothers and sisters of an intestate who had died without having any ascendants nearer than grand parents. The deceased being taken as *persona proposita*, from him to his father is one degree, and to the grandfather two degrees, or to the brother two degrees,—so that the grandfather and the brother, each being in the second degree, would be entitled to share equally. But by the law of England it was held, that the grandfather was not entitled to share with the brother. The reason of the rule is not clear. It has been sought for in the second chapter of the 118th Novel. It would seem that before this Novel, ascendants excluded collaterals; but the Novel provided, that brothers and sisters should be called to the succession with the nearest ascendants in degree, "whether they were a father or a mother:"—εἰ καὶ πατὴρ ἢ μήτηρ εἴησαν. The civilians generally concluded from this, that the grand-parents might share equally with brothers and sisters. (*Domat. Strahan's Ed.* § 2843.) Voet's opinion was otherwise; and the English decisions take the same view, holding that brothers and sisters take to the exclusion of the grand-parents. The ground would appear to be, that the Novel had elevated the brothers and sisters to the same rank with the father and mother; that is, the first degree; and so given them a preference to the grand-parents, who are in the second degree. In *Evelyn* vs. *Evelyn*, (3 *Atkyn*, 763,) decided by Lord Hardwicke in 1754, he held that a brother should take in preference to a grandfather, placing the conclusion upon usage and previous determinations. Sir John Strange gave the rule his sanction in *Lloyd* vs. *Tench*, (2 *Vesey, sen'r.*, 213.) There

can be no doubt that the priority of brothers and sisters to grand-parents, was an exception to the general rule, whether derived from usage, or from the supposed meaning of the Novel. The argument from it is this: that if the brother be preferred to the grand-parent, the brother's child should be preferred to the grand parent's child; and so a nephew or niece come in before an uncle or aunt. But whatever might be the correct interpretation of the Novel as to the question between brothers and sisters and grand-parents, it is obvious that it does not in terms apply to the case of brothers' and sisters' children. So far back as *Durant* vs. *Prestwood*, (1 *Atkyn*, 454;) in the year 1738, Lord Hardwicke determined that aunts and nephews being in equal degree, were all equally entitled under the statute; and in *Thomas* vs. *Ketteriche*, (1 *Vesey, sen'r*. 333,) decided in 1749, the same learned judge said, that the rule that brother and sister are to be taken as of but one degree from the intestate, had never been allowed but where the question had been with the brother or sister claiming, and not among remoter kindred. It is evident, therefore, that the exception is limited to the single case of brothers and sisters, and does not reach their children. The Revisers refer in their notes (3 *R. S. p.* 645,) to the case of *Durant* vs. *Prestwood*—and the statute having made no change from the English decisions, and the uncle being in the same degree from the intestate as the nephews and nieces, I must follow the letter of the law, and decree them all to be equally entitled. The words "legal representatives," in the section of the statute, do not conflict with this view; for before we can find representatives we must designate the person whom they represent; and thus as on one side we would proceed from the nephew to the brother, so on the other, from the uncle to the grandfather, and each would be in the second degree. The truth is, representation never changes or advances the degree; though where the degrees are unequal, it operates when declared by the statute, to give the representatives of a deceased person the share he would have taken if living. There are no unequal degrees in this case, and the

relative degrees of the parties cannot be affected by their claiming by representation. The sentence must therefore be, for an equal division between the uncle, nephews and nieces, who all stand related to the intestate in the third degree.