## DAVID S. ADEE et al., Appellants, *v.* JACOB CAMPBELL et al., Administrators, etc., Respondents

M. died intestate, leaving no descendant, parent, brother, sister, descendant of any brother or sister, uncle, or aunt, but leaving first cousins, and the children of deceased first cousins. *Held*, that the first cousins were entitled to the personal estate, to the exclusion of said children. The statute of distributions (2 R. S., 96, § 75, subds. 5, 11), provides for no representation among collaterals, except in the case of children of brothers and sisters of the intestate; if there are none of these the nearest of kin, in equal degree, take the whole.

(Argued November 10, 1879 ; decided November 25, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a decree of the surrogate of the county of Westchester, upon the final accounting of defendants, as administrators of the estate of John A. Merritt, deceased. (Reported below, 14 Hun, 551.)

Said Merritt died, leaving no widow, child, father, mother, brother, sister, descendant of any brother or sister, uncle or aunt. He left a number of first cousins, and children of deceased first cousins. The surrogate adjudged that the only persons entitled to share in the distribution of the personal estate were the first cousins.

*A. G. Vanderpoel*, for appellants. Under subdivision 5 of section 75 of the statute of distributions, the appellants, children of deceased first cousins, were entitled to share in the estate. (1 Black. Com. [Sharswood's ed.], bk. 2, p. 216; *Embury* v. *Conner*, 3 N. Y., 517; *In re John and Cherry Sts.*, 19 Wend., 659; *Bloodgood* v. *M. and H. R. R. Co.*, 18 id., 59; *Taylor* v. *Porter*, 4 Hill; 2 Kent's Com. [5th ed.], 340, note c; *Wilkinson* v. *Leland*, 2 Peters, 657.)

*Calvin Frost* and *S. H. Thayer, Jr.*, for respondents. Under subdivisions 5 and 11 of section 75 of the statute of distributions,

only the first cousins of the intestate were entitled to share in his estate. (2 R. S., 69, 70, § 75, subds. 5, 11; Eng. Stat., 22, 23, Charles II, chap. 10 [1671–1672]; 1 James II, chap. 17; *Carter* v. *Crawley*, Sir T. Raym. R., 496; *Caldicot* v. *Smith*, 2 Shaw, 286; *Maw* v. *Harding*, 2 Vernon, 233; *Pett* v. *Pett*, 1 P. Wms., 25; S. C., 1 Salk., 250, and Ld. Raym., 571; *Bowers* v. *Littlewood*, 1 P. Wms., 594; *Ross Trust*, L. R. [13 Eq.], 286; 2 Williams on Exrs., 1298; Toller, 383–384; 1 R. L., 1813, p. 313; 2 R. S., 96, 97; Reviser's Notes [3 R. S., 645]; *Hellet* v. *Hare*, 5 Paige, 315; *Doughty* v. *Stilwell*, 1 Brad., 300; *Matter of Suskley*, 11 Hun, 344; *Matter of Gooseberry*, 52 How. Pr., 310; 3 Redf. on Wills [2d ed.], chap. 18, § 50, p. 423; North Carolina Rev. Code, chap. 64, § 1; *Johnson* v. *Chesson*, 6 Jones Eq. [N. C.], R., 146; Maryland Code General Laws, art. 47, § 27; *McComes* v. *Amos*, 29 Md. [Ct. of App.], R., 132; *Porter* v. *Askew*, 11 Gill & J. [Md.] R., 346; *Ellicott* v. *Ellicott*, 2 Md. Chy. R., 468; *Parker* v. *Nims*, 2 N. H., 460; Purdon's Dig. [Penn.], 563; *Krout's Appeal*, 60 Penn., 380; R. S. New Jersey, p. 355; *Davis* v. *Vandeveer*, 23 N. J. [Eq.], 558; 2 R. S., 96; Williams on Exrs. [5th ed.] 1361; 1 Bradf., 300.)

RAPALLO, J. The intestate having left no widow or descendant, his personal estate was distributable among his collateral next of kin in equal degree and their legal representatives. (2 R. S., 96, § 75, subd., 5.) It is provided however by the same section (subd., 11) that no representation shall be admitted among collaterals, after brothers and sisters children. Our statute is in this respect the same as that of England, and it has long been settled that the brothers and sisters referred to, are those of the intestate. (*Carter* v. *Crawley*, T. Raymond, 496; *Doughty* v. *Stilwell*, 1 Bradf., 300.) In the present case, the intestate having left no descendant or parent, brother or sister, or descendant of any brother or sister, nor any uncle or aunt, his nearest of kin were his first cousins. The personal property was properly distributed among them.

The appellants are children of some deceased first cousins of the intestate, and claim to be entitled to take as representatives of their parents, the shares to which such parents would have been entitled if living. This claim is excluded by the statute. The children of deceased cousins are much more remote in degree of kinship than those of deceased brothers and sisters of the intestate, and cannot, under the express provision of the statute cited, be admitted as representatives, when persons nearer of kin are living. The statute provides for no representation among collaterals except in the case of brothers and sisters children. If there are none of these, the nearest of kin in equal degree, take the whole. (See *Hurtin* v. *Proal*, 3 Bradf., 414.) The appellant contends that the limit of representation applies only where there are brothers and sisters children, and that consequently where the intestate leaves none, the right of representation among more remote collaterals is unlimited. Such a construction would be in the highest degree unreasonable, and contrary to the plain intent of the statute.

The judgment should be affirmed.

All concur.

Judgment affirmed.