DESCENT AND DISTRIBUTION—NEXT OF KIN—REPRESENTATION—HEIRS—PRO-
BATE OF WILL.

> Under Code Civ. Proc. § 2732, subd. 5, providing that if there be no
> widow, no children, and no representatives of a child, the whole surplus
> shall be distributed to the next of kin, in equal degree to the deceased, and
> their legal representatives, and Laws 1898, c. 319, providing that repre-
> sentation shall be admitted among collaterals in the same manner as al-
> lowed by law in reference to real estate, where a testator leaves nephews,
> nieces, issue of deceased nephews and nieces, and issue of deceased uncles
> and aunts, the issue of his deceased uncles and aunts take their ancestor's
> share by representation, and should be cited with the nephews, nieces, and
> issue of deceased nephews and nieces, in a proceeding to probate a will
> of real and personal property.

Proceedings for the probate of the last will and testament of John
W. Healy, deceased.　Citation ordered.

Eugene F. Daly, for proponent.

Wm. J. McCormick, for contestant.

FITZGERALD, S.　This is a proceeding to probate a will.　The
testator left him surviving no widow, descendants, parents, brothers,
or sisters.　He left nephews, nieces, the issue of deceased nephews
and nieces, and the issue of deceased uncles and aunts.　No uncles
or aunts survive him.　The question has arisen whether, in addition
to citing the nephews, nieces, and the issue of deceased nephews
and nieces, it is necessary also to cite the issue of deceased uncles
and aunts.　The will relates to real and personal property, and the
heirs and next of kin of the testator must be cited.　The nephews,
nieces, and issue of deceased nephews and nieces, constitute all the
heirs, and it is contended that they also constitute all the next of kin.
Section 2732 of the Code of Civil Procedure does not include the com-
bination of relatives left by this decedent among those for whom
specific provision is made.　Subdivision 5 of that section is as fol-
lows:　"If there be no widow, and no children, and no representatives
of a child, the whole surplus shall be distributed to the next of kin, in
equal degree to the deceased, and their legal representatives."　This
provision was derived from St. 22 & 23 Car. II. c. 10, a provision of
which is identical with it.　The English courts and our own have
held that, under this provision, in the absence of nearer next of kin,
uncles, aunts, nephews, and nieces share equally, because all are in-
cluded in the third degree.　Durant v. Prestwood, 1 Atk. 454; Hurtin
v. Proal, 3 Bradf. Sur. 414.　It is clear, therefore, that the deceased
uncles and aunts of the decedent, whose issue survive him, would, if
living, share with his nephews and nieces.　Subdivision 12, which
formerly provided that "no representation shall be admitted among
collaterals after brothers' and sisters' children," was amended by
chapter 319, Laws 1898, to read as follows:　"Representation shall
be admitted among collaterals in the same manner as allowed by law
in reference to real estate."　It is conceded that under this provision

the issue of deceased nephews and nieces share with living nephews and nieces, and take by representation the shares which their ancestors would have taken if living; but it is contended that in the present instance the issue of the decedent's deceased uncles and aunts do not so take by representation. The principle of representation prescribed by the provisions of the real property law relating to descents is in any given instance as follows: The primary division being made between the nearest surviving relative or relatives and the descendants of those of the same degree, such descendants take by representation the share which their ancestor would have taken if living, in the same manner as if their ancestor had survived and died intestate. Pond v. Bergh, 10 Paige, 140–148. Thus a son of a deceased sister, four brothers, and a' granddaughter of a deceased brother each take one-sixth. Adams v. Smith, 20 Abb. N. C. 60. The same rule was followed, cousins sharing with the issue of deceased cousins, who took by representation their ancestors' shares, in Hyatt v. Pugsley, 23 Barb. 301. In Hurtin v. Proal, supra, the learned surrogate says: "Representation never changes or advances the degree, though, where the degrees are unequal, it operates, when declared by the statute, to give the representatives of a deceased person the share he would have taken if living." Kent says: "Inheritance per stirpes is admitted when representation becomes necessary to prevent the exclusion of persons in a remote degree." Kent, Comm. § 391. This principle of representation prescribed ·in the law of descent is precisely the same as that contained in subdivision 11 of the section above mentioned relating to distribution. The effect of the amendment of subdivision 12 was merely to remove the former limitation of representation to brothers' and sisters' children. The same limitation was applied to real estate in the act of 1786, and was in like manner removed by the Revised Statutes. Hannan v. Osborn, 4 Paige, 336, 340; Pond v. Bergh, 10 Paige, 140, 148. In the present instance the class or stock among which division is made is composed of the decedent's nephews, nieces, uncles, and aunts, and the issue of any deceased member of that class take their ancestor's share by representation. A citation should issue to the representatives of the decedent's uncles and aunts.

Decreed accordingly.'