(67 App. Div. 191.)

## In re DAVENPORT, Public Adm'r.

(Supreme Court, Appellate Division, Second Department. December 23, 1901.)

DESCENT AND DISTRIBUTION—PERSONAL PROPERTY—COLLATERAL HEIRS—REP-
　RESENTATION.

　　Code Civ. Proc. § 2732, requires an intestate's personal estate to be
　divided among his nearest next of kin. Subdivision 12 originally pro-
　vided that no representation should be admitted among collaterals after
　brothers' and sisters' children. As amended by Laws 1896, such section
　declares that representation shall be admitted among collaterals in the
　same manner as allowed by law in reference to real estate. Laws 1896,
　c. 547, art. 9, § 287, provides that, if there be no father, mother, or lineal
　descendants of an intestate living, his real property shall go to his
　brothers and sisters, and that representation in the case of deceased
　brothers and sisters shall embrace descendants in whatever degree. An
　intestate left no husband, brother, sister, ancestor, or descendant. A
　nephew, niece, uncles and aunts, and descendants of deceased uncles
　and aunts were living at the intestate's death. Held, that the intestate's
　estate should be distributed to the nephew, niece, and the living uncles
　and aunts, as next of kin in equal degree, in equal proportion, no repre-
　sentation being allowed to deceased uncles and aunts.

Appeal from surrogate's court, Kings county.

Judicial settlement of the account of William B. Davenport, pub-
lic administrator of the goods and chattels and credits of Sarah L.
Cullen, deceased. From so much of a surrogate's decree settling
the account as directs the payment of distributive shares to others
than Chloe Carroll Rhem and Charles C. Carroll, they appeal. De-
cree modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
HIRSCHBERG, and SEWELL, JJ.

William T. Carlisle, for appellants.

Richards Mott Cahoone, for respondent public administrator.

Thomas H. Troy, special guardian, for infant respondents.

HIRSCHBERG, J. Sarah L. Cullen died intestate on the 15th
day of September, 1898, possessed apparently of personal estate only.
She left no husband, brother, sister, ancestor, or descendant. The
appellants, her nephew and niece, are the only children of a pre-
viously deceased brother, and there are no other children or de-
scendants of brothers or sisters. There were two uncles and two
aunts of the deceased living at the time of her death, and many
children and descendants of deceased uncles and aunts. The de-
cree distributes the estate in 81 shares, taking in, in addition to the
appellants and the uncles and aunts, 43 first cousins, 31 second
cousins, and 1 third cousin of the deceased. The decision is on the
authority of an unreported case (In re Miller's Estate, Surrogate,
December Book, p. 233),[1] in which the same learned surrogate

　　[1] The opinion is as follows: "I am of the opinion that under the amend-
ment of 1898 to subdivision 12, § 2732, of the Code of Civil Procedure, the
aunt is next of kin of the intestate, and comes in for an equal share of the
personal estate with the nephews and nieces. In re Healy's Will, 27 Misc.
Rep. 352, 58 N. Y. Supp. 927. Decree may be presented accordingly. Dated
January 7, 1901."

adopted the reasoning and conclusion in Re Healy's Will, 27 Misc.. Rep. 352, 58 N. Y. Supp. 927, and is based upon the theory that chapter 319 of the Laws of 1898, amending subdivision 12, § 273-, of the Code of Civil Procedure, to take effect September 1, 1898, extended representation in the distribution of personal property, under the conditions and circumstances of this case, to the descend- ants of the uncles and aunts of the deceased, as well as of the brothers and sisters. The question before the court in Re Healy's. Will, supra, was as to service of citations in proceedings for the probate of a will. The case resembles this one, excepting that there were no uncles and aunts. But the chief object there was. manifestly to cut off all possible rights and claims, and it was wise to resolve in favor of the quiet and security of those who took under the will such doubt as attended the construction of the amendment by requiring service on all who might be entitled in any view, however remote the degree of kinship. In this case the ques- tion relates directly to the actual distribution of property, and the court must decide whether the effect of the amendment is to take- in the next of kin in equal degree to the intestate and their repre- sentatives in whatever degree, under subdivisions 5, 11, § 2732, supra, or to require the estate to be distributed in the same man- ner as would be required if the fund were the proceeds of inherited real estate, or whether the effect of the amendment has been merely to assimilate distribution among collaterals to the rules prescribed in the statute of descent. Before the amendment, subdivision 12 read as follows: "No representation shall be admitted among col- laterals after brothers' and sisters' children." In this form it was an adaptation from the statute of Charles II., which in turn was modeled on the Justinian Novels, and it had been in force in this state practically from its foundation. By the amendment the sub- division was made to read as follows: "Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate." The contention on the part of the re- spondents, supported by the case cited, is that by virtue of the amendment the nephew, niece, uncles, and aunts each take "by themselves," as next of kin, in equal degree, and that the descend- ants of the deceased uncles and aunts take by representation, while the appellants claim the entire estate in their own right by virtue of the real property law (chapter 547, art. 9, Laws 1896), on the theory that the amendment requires the descent of real and per- sonal property among collaterals to be to the same persons and in the same proportions. If the contention of the respondents pre- vails, the effect of the amendment has been to divide intestate per- sonal estates in many instances into infinitesimal portions, to be distributed among numerous collaterals scattered in location and remote in degree. In the present instance many shares in a net estate of over $2,000 are reduced below the sum of $4 each, while the names and identity of distributees is found so difficult of ascer- tainment that provision is made in the decree for the taking up of a. portion of the estate in the county treasury to await the possible discovery of suspected beneficiaries. While the expense and un-

certainty incident to the minute devolution of personal estates under the claim of the respondents should not control in the construction to be given to the amendment, they might not be entirely without weight in determining the probable intention of the legislature. A stronger argument, however, appears in the fact that, if the legislature intended to accomplish the result which the respondents claim has been effected, the amendment in its present form was wholly unnecessary. The learned special guardian, in his brief, states that the amendment "relates exclusively to representation, the effect being merely to let in as representatives a large class of collaterals who were excluded under the subdivision as it previously existed"; and the learned counsel for the administrator states to the same effect in his brief that, "if nothing but the statute kept out the various degrees which took by representation, then, when this bar is lifted, those degrees must be admitted." Why, then, would not the object have been fully accomplished by a mere repeal of subdivision 12? Such a repeal would have lifted the bar, and would have released all representatives of the next of kin of every degree from the previous exclusion. In Adee v. Campbell, 79 N. Y. 52, the personal estate of the intestate was distributed in the surrogate's court among first cousins as the nearest of kin. Children of deceased first cousins, however, claimed to be entitled to take as representatives of their parents, but the court said (page 54), "This claim is excluded by the statute." As nothing else stood in the way, can there be any doubt that a repeal of the statute would operate to avoid the exclusion and to legalize the claim? But the legislature saw fit to go further, and to enact a new statute providing that among collaterals in the distribution of personal property representation should be admitted "in the same manner as allowed by law in reference to real estate." Some effect must be given to the language of the new enactment beyond what would have been accomplished without it by a mere repeal of the old law, and I am inclined to the belief that it was designed to harmonize and unify the devolution of property in the two classes of estates with respect only to representation, and in that respect only among collaterals. A somewhat similar argument applies to the appellants' claim independently of the fact that there has been no repeal of those provisions of section 2732 of the Code of Civil Procedure which still require the intestate's personal estate to be divided among his nearest next of kin. By the old law,—that is, the law prior to the enactment of 1898,—the uncles and aunts of the intestate would share in the personal estate equally with the nephews and nieces, although not sharing in the inheritance of real estate. There is nothing on the face of the new enactment indicative of an intent to cut them off, and, as had been said, the provisions under which they take are left undisturbed. Being equally near in kin, all being in the third degree, no requirement of reason or justice suggests the propriety of such discrimination; while, on the other hand, if the intent of the legislature had been to distribute personal estate among collaterals in the same manner, to the same persons, and in the same proportions as real estate descends, no reason can be

·suggested why apt language should not have announced the radical departure from the long-existing policy of the state. The language of the enactment relates to representation alone, and to representation alone must its construction and effect be strictly limited. By section 287, art. 9, of the real property law, it is provided that ·representation in the case of deceased brothers and sisters shall ·embrace descendants in whatever degree, but the inheritance under ·circumstances similar to those at bar descends to the brothers and ·sisters and their representatives. By section 2732 of the Code of ·Civil Procedure, as amended, a homogeneous system exists for ·the distribution of personal estate qualified by the real property law only as to distribution among collaterals, the other provisions ·of section 2732 as to representation being now necessarily confined ·to the lineal descent. By reference to subdivisions 5 and 10 of the section the collateral next of kin in this case are found to be the ·nephew and niece, uncles and aunts, all in equal degree, and together composing the class or stock among which division is to be made, each taking equally, and in his or her own right. But, as the ·uncles and aunts would not be heirs in case the property were real ·estate, no representation is allowed to such as are deceased, inasmuch as representation is only allowed in the manner provided by law in reference to real estate, and there can be no representation of one not inheriting. It follows that the decree must be modified ·by dividing the surplus estate among the next of kin as herein ascertained, and by the exclusion of those to whom shares have been allotted by representation.

Decree of the surrogate's court of Kings county modified in accordance ·with the opinion of HIRSCHBERG, J., with costs to the parties to this ·appeal, payable out of the fund. All concur.