Under Code Civ. Proc. § 2732, subd. 12, as amended in 1898, allowing representation as to personal property among collaterals in the same manner as allowed by law in reference to real estate, where intestate leaves no widow, child, descendant, father, mother, brother, or sister, the next of kin of equal degree and the legal representatives of the deceased next of kin of the same degree take the entire personal estate.

Judicial settlement of the account of William B. Davenport, public administrator, as to the estate of Walter W. Smyser, deceased. Decree of distribution entered.

Frederick H. Chase, for public administrator.
Robinson, Biddle & Ward, for Susan Smyser.

ABBOTT, S. I am asked to construe the statute of distributions for the purpose of determining to whom the personal estate of Walter

W. Smyser, deceased, should be paid. The intestate left him surviving and claiming a share of his personal estate his paternal grandmother, Susan Smyser; an aunt, his father's sister, Lydia E. Herr; an aunt, his father's sister, Savilla Baughman; a cousin, Harry F. Smyser, son of his father's deceased sister; and Edward D. Coe, a half-brother of his mother. Under the provisions of the statute of distributions (Code Civ. Proc. § 2732, subds. 5, 10–12) it is clear that prior to the amendment of subdivision 12 in 1898 the paternal grandmother, Susan Smyser, would have been entitled to the entire personal estate. Bogert v. Furman, 10 Paige, 496; Sweezey v. Willis, 1 Bradf. Sur. 495; Hill v. Nye, 17 Hun, 457. Prior to the amendment of 1898 subdivision 12 provided, "No representation shall be admitted among collaterals after brother's and sisters' children." It now provides, "Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate." The only purpose of the amendment was to remove the limitation prescribed by the former provision. In all other respects the law remains the same. It is still the law that next of kin of equal degree and their legal representatives—that is, the personal representatives of any such deceased next of kin without the limitation formerly prescribed by subdivision 12—are entitled to the entire personal estate where no widow, child, or descendant, father, mother, brother, or sister survived the intestate. For the purpose of determining what legal representatives are entitled to a share in the estate, we must first ascertain who are next of kin; that is, nearest of kin to the intestate. Susan Smyser, the intestate's grandmother, is only two degrees removed from the intestate, and is therefore the nearest of kin, and determines the class,—grandparents. Therefore grandparents and the personal representatives of deceased grandparents are entitled to share in the personal estate. The class originally consisted of four grandparents,—two paternal and two maternal. It appears by the account and stipulation filed that no maternal grandparents survived the intestate. One personal representative of both maternal grandparents survived the intestate, namely, Edward D. Coe. He succeeds to two full shares of the personal estate, and is entitled to one-half. On the father's side there survived the intestate a grandmother and the personal representatives of a deceased grandfather. Accordingly, the share of the estate represented by the paternal grandparents must be divided into two parts, one representing the share of Susan Smyser, the paternal grandmother, and the other representing the personal representatives of the deceased paternal grandfather. The descendants of the deceased grandfather are two daughters, Lydia E. Herr and Savilla Baughman, and the son of a deceased daughter of intestate's grandfather, Harry F. Smyser. My conclusion is that Edward D. Coe is entitled to one-half, Susan Smyser to one-quarter, and Lydia E. Herr, Savilla Baughman, and Harry F. Smyser are each entitled to one-twelfth, of the personal estate. See In re Healy's Will, 27 Misc. Rep. 352, 58 N. Y. Supp. 927.

Let decree be presented accordingly on two days' notice. Decreed accordingly.