> Code Civ. Proc. § 2732, subd. 3, providing that, where an intestate leaves neither parent, brother, sister, nephew or niece, the surviving widow is entitled to the surplus, is not affected by subdivision 12, providing that representation among collaterals shall be the same as allowed by law in reference to real estate.

In the matter of the estate of George A. Hardin.   Proceeding to compel administratrix to account.   Dismissed.

E. A. Brown (C. D. Adams, of counsel), for petitioner.
. Miller, Fincke & Brandegee, for administratrix.

DEVENDORF, S.   George A. Hardin died intestate at Little Falls, N. Y., April 16, 1901, leaving a widow him surviving, who was subsequently appointed sole administratrix of the goods, chattels, credits, and effects of said deceased.   He left no descendant or parent, brother or sister, nephew or niece.   There were two uncles and two aunts of the deceased living at the time of his death; the petitioner herein being a sister of said intestate's mother.   The petitioner claims that, as such maternal aunt, she is entitled to share in said estate, as representative and next of kin.   Upon the return of the citation, counsel for the administratrix moves to dismiss the petition herein upon the ground that the petitioner is not a person interested in the estate within the scope of section 2727, Code Civ. Proc., and consequently the proceeding must fail and be dismissed accordingly.   The language of the statute of distributions applicable to this case as contained in subdivision 3 of section 2732 of the Code of Civil Procedure is as follows:

> "If the deceased leaves a widow, and no descendant, parent, brother or sister, nephew or niece, the widow shall be entitled to the whole surplus."

It is urged by the petitioner herein that she becomes entitled to a part of the personal estate of the said deceased, and is interested in the distribution, through the provisions of subdivisions 2 and 12 of section 2732 of the Code of Civil Procedure.   Especially so it is urged that, by the amendment of 1898 to said subdivision 12 (Laws 1898, p. 941, c. 319), the petitioner becomes entitled to a distributive share of the personal property of the estate.   Prior to the amendment mentioned subdivision 12 read:

> "No representation shall be admitted among collaterals after brothers' and sisters' children."

As amended it reads:

> "Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate."

I think this change only enlarged or extended the provisions of section 2732, so that, where there is representation, it shall extend further than, as formerly, to children of brothers and sisters, and shall be admitted among collaterals in the same manner as allowed by law in

reference to real estate. I do not think that this amendment of 1898 to subdivision 12 in any way affects the explicit language contained in subdivision 3 of said section, which specifically provides that, where a deceased intestate leaves a widow and no descendant, parent, brother or sister, nephew or niece, the widow shall be entitled to the whole surplus.

In Matter of Davenport, 67 App. Div. 194, 73 N. Y. Supp. 655, Hirschberg, J., says:

"I am inclined to the belief that it (the amendment) was designed to harmonize and unify the devolution of property in the two classes of estates with respect only to representation, and in that respect only among collaterals."

Had it been the intention of the Legislature to distribute personal estates among collaterals in the same manner, to the same persons, and in the same proportions as real estate descends, it would have been easy for it to provide apt language in the statute for that purpose. In the Davenport Case the court held that subdivisions 5 and 10 of said section 2732 retain their full force, and were not affected or limited by the amendments.

The petitioner is one of the next of kin to the intestate in her own right and not by representation. She inherits a share of the deceased's real estate as heir at law, and had there been no widow she would have been entitled to distribution in the personal estate as next of kin and not as a representative of any other relative. The said subdivision 12 has reference only to representation among collaterals which shall be admitted in the same manner as allowed by law in reference to real estate. I do not think the amended subdivision could be made to apply in any way to this case. The interests of the widow are not affected by it, and subdivision 3 of said section stands in full force, unaltered, unrepealed, and unaffected in any manner whatever herein by the language of subdivision 12, as amended; and, therefore, Judge Hardin having died intestate owning personal property, and leaving a widow and no descendant, parent, brother or sister, nephew or niece, the widow is entitled to take the whole of the personal estate after the payment of debts.

The proceeding, therefore, is dismissed, with costs. The form of the decree, if not agreed upon by the attorneys, may be settled before the surrogate on three days' notice.

Proceeding dismissed.