(48 Misc. Rep. 482)

## In re DUNNING'S ESTATE.

(Surrogate's Court, Dutchess County. November, 1905.)

DESCENT AND DISTRIBUTION—COUSINS.

 Under Code Civ. Proc. § 2732, subd. 12, where the nearest kin of an intestate were two aunts, and there were also five cousins, the children of deceased uncles and aunts, the cousins took per stirpes by representation the shares their parents would have taken had they survived intestate.

 [Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Descent and Distribution, §§ 121, 122.]

In the matter of the estate of Anna B. Dunning. Proceedings on the account of an administrator. Decree rendered.

Finn & Finn, for administratrix.

Dill & Cox, for children of deceased uncles and aunts of intestate.

HOYSRADT, S. Anna B. Dunning died August 31, 1903, intestate, and without having married. Her nearest kin were two aunts, sisters of her father, and five cousins, the children of deceased uncles and aunts, on her mother's side.

In the distribution of her estate a question has been raised which involves a construction of section 2732 of the Code of Civil Procedure, as amended by chapter 319, p. 941, of the Laws of 1898. Previous to this amendment subdivision 12 of this section read:

"No representation shall be admitted among collaterals after brothers' and sisters' children."

The amendment changed this subdivision so as to read:

"Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate."

The surviving aunts claim that the balance in the hands of the administrator passes to them, and that the descendants of the deceased uncles and aunts do not take, under the authority of Matter of Davenport, 67 App. Div. 191, 73 N. Y. Supp. 653, affirmed 172 N. Y. 454, 65 N. E. 275.

While the principles laid down in this case have some application, the situation was so vitally different that it can hardly be termed parallel to the case at bar. In the Davenport Case the Appellate Division decided that, in the absence of all nearer kin to the intestate, the personal estate should be distributed to a nephew, a niece, an uncle, and an aunt, but not to the descendants of deceased uncles and aunts, for the reason that, with the descendant of brothers and sisters living, the uncles and aunts would not inherit real estate, and, if representation should be admitted in the same manner as allowed by law in reference to real estate, these descendants of deceased uncles and aunts could not take, and, where there was no inheritance, there could be no representation. In the case at bar, however, there is no descendant of a brother or sister living, and the inheritance would, under section 288 of the real property law (Laws 1896, p. 620, c. 547), descend to the uncles and aunts of the intestate and to the descendants of such as have died,

in like manner as if they had been brothers and sisters of the intestate.

The Court of Appeals, in Matter of Davenport, 172 N. Y. 459, 65 N. E. 277, says:

"As already pointed out, under the real property law brothers and sisters and their descendants inherit in the first instance, and, if there be none, then the aunts and uncles of the intestate and their descendants take."

Even in the dissenting opinion Justice Cullen declares that it would be an express contradiction of the statute to deny representation to the descendants of deceased uncles and aunts when the intestate left no brothers or sisters or their descendants.

There seems to me no uncertainty as to the effect of the provision of the real property law, and, with the rule so clearly stated by the Court of Appeals, there is, and of right should be, no escape from the conclusion that the descendants of the deceased uncles and aunts, in the case under consideration, are entitled to share in the distribution.

Similar questions have been considered in recent cases as to the effect of the amendment of 1898, and I have found no absence of harmony in the views of the courts where they were determined. In Matter of Thompson, 41 Misc. Rep. 223, 83 N. Y. Supp. 983, Surrogate Lester decided that, where an intestate left nephews and a niece, the descendants of deceased uncles and aunts were not persons interested in the estate. In Matter of Ebbets, 43 Misc. Rep. 575, 89 N. Y. Supp. 544, Surrogate Church decided that, under the amendment of 1898, grandnephews were not excluded when nephews and nieces were living. In Matter of Hadley, 43 Misc. Rep. 579, 89 N. Y. Supp. 545, Surrogate Heaton reached the same conclusion upon substantially the same situation presented in the Ebbets Case. In Matter of N. Y. Security & Trust Co., 46 Misc. Rep. 225, 94 N. Y. Supp. 93, the intestate left only descendants of uncles and aunts, namely, nine first cousins and the representatives of three first cousins, and Surrogate Silkman held that these representatives were entitled to share in the distribution. The only case in which I have found any dissension from the principles applied in the Davenport Case, supra, and in those just cited, is Matter of Healy, 27 Misc. Rep. 352, 58 N. Y. Supp. 927, which did not involve distribution. It is commented upon, but not unfavorably, in Matter of Davenport, 67 App. Div. 192, 73 N. Y. Supp. 653.

In the case under consideration I have concluded that the children of the deceased uncles and aunts take, per stirpes, by representation, the shares which their parents would have respectively taken had they survived the intestate.

Decreed accordingly.