---

### In re SCHLOSSER.

(Surrogate's Court, Westchester County. April 12, 1909.)

DESCENT AND DISTRIBUTION (§ 22*) — PERSONS ENTITLED — FIRST AND SECOND COUSINS.

Code Civ. Proc. § 2732, subd. 5, provides that if there be no widow or children, and no representative of a child, the whole surplus shall be distributed to the next of kin in equal degree to the deceased and to their legal representatives. Subdivision 10 provides that where the descendants or next of kin to the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal. Subdivision 12 provides that no representation shall be admitted among collaterals, after brothers' and sisters' descendants. *Held*, that the estate of an intestate leaving no widow or children, and no representatives of a child, must be distributed among the first cousins of deceased, and that second cousins take no share in the estate.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 59; Dec. Dig. § 22.*]

In the matter of the settlement of the account of Francis Schlosser, as administrator of Elizabeth Schlosser, deceased. Decree of distribution directed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Emile A. Hassey, for administrator.
Thornton & Earle, for Lawrence Schlosser and others.
Wilson & Wallis, for Ralph L. Raymond and others.

MILLARD, S.    There is apparently no dispute as to the correctness of the account filed in this matter by the administrator, but the question involved is as to the distribution of property left by the deceased and who is entitled to share therein.

Elizabeth Schlosser died intestate in the county of Westchester on the 27th day of October, 1906.   She left, her surviving, Francis Schlosser, Louis Schlosser, and Bernhard Hoff, first cousins, and Lawrence Schlosser, Clara Schlosser, Marie Hicks, Ralph L. Raymond, Cortland S. Raymond, and Marie Zuber, children of deceased first cousins, of the said Elizabeth Schlosser.   The claim is made by the administrator that the estate is distributable to the first cousins only, and that the last-mentioned second cousins of said deceased are not entitled to share therein.

By the Revised Statutes of the state of New York it was provided, and this provision was afterward incorporated into section 2732, subd. 12, of the Code of Civil Procedure:

"That no representation shall be admitted among collaterals after brothers' and sisters' children."

This statute was passed upon by the Court of Appeals in Adee v. Campbell, 79 N. Y. 52, which was a case similar in all respects to the one under consideration, and the court there unanimously held that the first cousins took the whole estate, to the exclusion of the second cousins, and that the children of brothers and sisters referred to are the brothers and sisters of the intestate.   The statute continued in exactly this condition until 1898, when the Legislature struck out the then existing subdivision 12, above referred to, and substituted the following in its place:

"Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate."

And this provision was passed upon by the Court of Appeals in the Matter of Davenport, 172 N. Y. 454, 65 N. E. 275; but in this decision the former decision is in no way affected, but in so far as it is in any way useful in deciding the matter before me it follows a similar line of reasoning and intimates that the former decision would be adhered to if the same conditions existed.   This subdivision 12 was again changed in 1905, and now reads:

"No representation shall be admitted among collaterals after brothers' and sisters' descendants."

The present law, therefore, is exactly the same as the original Revised Statutes and the original subdivision 12 of section 2732 of the Code, except that the word "descendants" has been substituted for the word "children."

The counsel for the second cousins in this proceeding claim that by subdivision 5 of section 2732 of the Code the whole surplus of an estate shall be distributed to the next of kin of equal degree to the

deceased and their legal representatives, if there be no widow and no children and no representatives of a child; and that by subdivision 10 of the same section, where the descendants of next of kin of the deceased entitled to share in his estate are of equal degree to the deceased, their share shall be equal; and by subdivision 11 that, when such descendants or next of kin are of unequal degrees of kindred, the surplus shall be apportioned among those entitled thereto according to their respective stocks, so that those who take in their own right shall receive equal shares and those who take by representation shall receive the share to which the parent, whom they represent, if living, would have been entitled; and from this they argue that the second cousins are entitled to share in the estate. They admit, however, that they are unable to give any force to the provision of subdivision 12 as it now appears.

I cannot believe that they are correct in their contention, and, even if, as they say, the provisions are inconsistent with each other, I do not think that it is necessary for me to bother with this question at all. I am satisfied that the provisions of subdivisions 5, 10, and 11, referred to by the attorneys for the second cousins, as well as all the other subdivisions of section 2732 of the Code, must be read in connection with subdivision 12, as amended, and subject to its provisions, and I cannot see how the present language of the statute differs in any material respect, so far as this case is concerned, from the case of Adee v. Campbell, above referred to, and I therefore decide that the first cousins, Francis Schlosser, Louis Schlosser, and Bernhard Hoff, are entitled to all of the estate accounted for in this proceeding in equal shares.

Let decree be prepared accordingly.

<hr/>

(62 Misc. Rep. 456.)

## In re UNDERHILL.

(Surrogate's Court, Kings County. February, 1909.)

DESCENT AND DISTRIBUTION (§ 38*)—COUSINS AND DESCENDANTS OF DECEASED COUSINS.

> Where deceased left no nearer kin than cousins and descendants of deceased cousins, the cousins took to the exclusion of the descendants, under Code § 2732, subd. 12, as amended in 1905 (Laws 1905, p. 1208, c. 539), providing that no representation shall be admitted among collaterals after brothers' and sisters' descendants.