In the Matter of the Estate of JOHN THOMAS SMITH, Deceased.

Surrogate's Court, New York County, April 6, 1942.

*George L. Mullen*, for the petitioners.

*Edward Q. Carr*, for Cecelia R. Bishop, as administratrix, etc., respondent.

*Lord & Huntington*, for John T. Bishop, James T. Bishop and Marie Christiana Dorsey, administrators, etc., respondents.

DELEHANTY, S. Deceased was survived by first cousins and by descendants of other first cousins who had predeceased him. These cousins once removed seek here to compel the administratrix to account. Their status as persons interested in the estate is challenged. Deceased died in 1938 and the law of distribution then applicable is controlling.

The Commission to Investigate Defects in the Law of Estates presented to the Legislature of 1929 a body of proposed legislation designed to completely restate and in some degree change the then existent rules of descent and distribution. The proposed legislation thus presented was enacted in text generally as presented and was made effective as of September 1, 1930. Among the amendments to the Decedent Estate Law included in the program of the Commission was a new section 81 of Decedent Estate Law which said, among other things: " The determination of the degrees of consanguinity of distributees of real and personal property shall be uniform, and shall be in accordance with the rules as applied immediately before the taking effect of this section to the determination of the next of kin of an intestate leaving personal property. All distinctions between the persons who take as heirs at law or next of kin are abolished and the descent of real property and the distribution of personal property shall be governed by this article except as otherwise specifically provided by law."

In the new legislation section 83 of Decedent Estate Law was made the substitute for the former section 98 of Decedent Estate Law and was made applicable to the descent and distribution of both real and personal property. The former subdivision 11 of former section 98 was renumbered subdivision 9 of new section 83. Former subdivision 12 of former section 98 was renumbered subdivision 10 of section 83. Subdivision 10 was limited to a single sentence, which says: " No representation shall be admitted among collaterals after brothers and sisters descendants."

The Commission declared the purpose of the new text in notes appended to the proposed legislation. It commented on the new subdivision 6 of section 83, which states the general rule that where neither spouse, descendant nor parent survives the property is to " be distributed to the next of kin in equal degrees to the deceased * * *." In respect of the new section 81 the Commission's note said: " Descent and distribution, beyond the descendants of brothers and sisters, will now be governed by new section 83, subd. 6, viz., ' to the relatives in equal degree of the deceased,' and by subd. 10, which the law has heretofore limited and will now continue to limit representation to issue of brothers and sisters. Only living relatives of equal degree will take, where the degree is more remote than descendants of brothers and sisters. The determination of what constitutes ' equal degree ' is intended to be as now determined by the decisions regarding personalty, and the canons of descent of realty will no longer apply. * * *."

When the Commission renumbered old subdivision 11 of old section 98 and gave it the new subdivision number 9 in section 83 it changed the proposed text in some degree and in explanation of the changes said: " Section 98, subd. 11. The words ' or next of kin ' have been omitted as obsolete since representation is prohibited by the provisions of old subd. 12 and new subd. 10 beyond descendants of brothers and sisters and the succession to the latter class is covered by the new subd. 6. * * *"

The law respecting the descent of personal property which was made the rule as to both personalty and realty by the amendments sponsored by the Commission to Investigate Defects in the Law of Estates was clearly stated in a case dealing with the precise factual situation here present. In *Adee* v. *Campbell* (79 N. Y. 52) it was held (affirming the General Term and the surrogate) that the children of deceased first cousins were not entitled to any share in the estate of a person who left first cousins as his nearest of kin. In respect of real property there were some changes in that rule effected by specific legislation (*Matter of Davenport*, 172 N. Y. 454; *Matter of Butterfield*, 211 id. 395), but as to personalty the rule in

respect of collaterals other than descendants of nephews and nieces has never been changed since the Revised Statutes. That rule is made the rule of this case by the text of our present statute. Under the law of distribution extant when deceased died the petitioners have no interest in his estate. Accordingly, their application to compel an accounting must be denied.

While it is unnecessary to the decision here made the court holds also that in prior proceedings in the Supreme Court, Kings County, an adjudication has been made respecting the rights of petitioners which bars this proceeding on their part.

Submit, on notice, order accordingly.