In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Trustee under the Will of OLIVER W. BUCKINGHAM, Deceased.

Surrogate's Court, New York County, January 19, 1949.

*Mitchell, Capron, Marsh, Angulo & Cooney* for trustee, petitioner.

*Milton L. Epstein* for Mary L. Haskin, individually and as executor of Ella L. Haskin, deceased, and another, respondents.

*Vincent D. Stearns* for Laura E. Haight and others, respondents.

*Edward H. Beck,* special guardian for all unknown heirs, next of kin and distributees of Ella L. Haskin, respondent.

COLLINS, S. In this trustee's accounting a construction of paragraph ninth of the will is sought. Testator died in 1903 leaving a will dated July 5, 1898. One fourth of his residuary estate was set up in trust for the benefit of Ella Lent Haskin and upon her death the principal was directed to be paid " to her issue, if any, or, in default of such issue, to her heirs-at-law." The beneficiary died August 16, 1947, leaving no issue. She was survived by an adopted daughter whom she had adopted on October 1, 1942, when the person adopted was forty-four years of age. She was survived also by four known blood relatives and possibly by others of equal or closer degree. The remainder is claimed by the adopted daughter, by the respondent relatives and by the special guardian in behalf of unknown distributees.

The court holds that the adopted daughter is not entitled to the remainder. Section 110 of the Domestic Relations Law, which had been amended in 1915 to authorize the adoption of adults expressly provides in part: " Nothing in this article in regard to an adult adopted pursuant hereto inheriting from the foster parent applies to any will, devise or trust made or created before April twenty-second, nineteen hundred and fifteen, nor alters, changes or interferes with such will, devise or trust. As to any such will, devise or trust an adult so adopted is not an heir so as to alter estates or trusts or devises in wills so made or created." Under the express terms of the statute the adopted daughter is not an heir of. the life beneficiary insofar as the trust created under this will is concerned. (*Matter of Kingsbury,* 192 App. Div. 206, affd. 230 N. Y. 580.)

Petitioner is not able to state definitely that the four persons named in the petition are the only heirs and distributees of the life beneficiary and that there are no other persons of equal or closer degree. The petition asks instructions as to the identity of the remaindermen and the method of division among them. This matter is accordingly placed on my calendar for a hearing on the question of kinship on the 21st day of February, 1949, at 10:30 A.M.

Proceed accordingly.