In the Matter of the Accounting of City Bank Farmers Trust Company, as Trustee under the Will of OLIVER W. BUCKINGHAM, Deceased.

Surrogate's Court, New York County, October 9, 1950.

*Mitchell, Capron, Marsh, Angulo & Cooney* for trustee, petitioner.

*Thomas R. Hart, Jr.,* and *Aaron Frank* for Susie W. Holbrook and others, respondents.

*Vincent D. Stearns* for Laura E. Haight and others, respondents.

*Milton L. Epstein* for Mary L. Haskin, respondent.

*Edward H. Beck,* special guardian for unknown heirs, next of kin and distributees of Ella L. Haskin, respondent.

COLLINS, S. The trustee has filed its final account and requests a construction of the will in respect of distribution of the corpus. The trust was for the life use of Ella Louise Haskin and upon her death the principal is bequeathed "to her issue, if any, or, in default of such issue, to her heirs-at-law." She died without issue.

The court has heretofore ruled that an adopted adult daughter is not entitled to the remainder (*Matter of Buckingham,* 194 Misc. 297). A hearing was directed for the submission of proof of the identity of the heirs and distributees of the life beneficiary. At the hearing it was established that the life beneficiary was survived only by the following relatives: Armenia L. Connolly and Harriet L. Douglass, fourth degree of kindred, being the children of a paternal uncle of the beneficiary; Susie A. W. Holbrook, fifth degree of kindred, being the child of a great-uncle of the beneficiary; Laura Haight, Walter Kenney and Hattie N. Smyth, sixth degree of kindred, and Alice G. Kenney, seventh degree of kindred, being descendants of maternal great-aunts of the beneficiary. There is no doubt that under existing law the statutory distributees of the life beneficiary would be Mrs. Connolly and Mrs. Douglass, her nearest relatives, because the statute provides: "No representation shall be admitted among collaterals after brothers and sisters descendants " (Decedent Estate Law, § 83, subd. 10). It is asserted by those in the sixth and seventh degrees, however, that the law applicable to the distribution of personal property in this estate is the law in effect at the time of the testator's death and that the law then effective permits them to share in the remainder.

The testator executed his will on July 5, 1898. He died on October 31, 1903. When the testator made his will, and for many years prior thereto, the governing statute was similar to the statute now in effect. However, at the time of his death the statute had been amended to read: "Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate." (L. 1898, ch. 319; Code Civ. Pro., § 2732, subd. 12.) In 1905, the Legislature restored the limitation on representation in text identical with the present law, but the amending statute and all subsequent revisions were expressly made inapplicable to an estate of a decedent who died prior to its effective date. (L. 1905, ch. 539; L. 1909, ch. 18, § 98, subd. 12 as amd. by L. 1909, ch. 240, § 14; L. 1929, ch. 229, § 21; L. 1930, ch. 174, § 13; L. 1935, ch. 209.) As a result of these enactments, the law applicable to the estate of this testator

is the law in effect at the date of his death, and under that law, representation is permitted among collaterals in the distribution of personal property in the same manner as allowed by law in the descent of real property.

The more remote relatives contend that the decisions in *Matter of Battell* (286 N. Y. 97, 104) and *Matter of Waring* (275 N. Y. 6) require us to apply the same law in ascertaining the distributees of the life beneficiary. However, even if we shall assume that the law in effect on October 31, 1903, determines the distributees of the life beneficiary, it nevertheless does not permit the inclusion of the more remote relatives.

In respect of personal property, the statute provided that if there be no widow, children or representatives of a deceased child, " the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives " (Code Civ. Pro., § 2732, subd. 5). Specific provision was made for representation of deceased brothers and sisters. Representation among collaterals was permitted " in the same manner as allowed by law in reference to real estate." (Code Civ. Pro., § 2732, subd. 12.)

The rule of representation permits the lineal descendants of a deceased person to stand, for purposes of inheritance from another, in the place which the deceased person would have occupied had he survived. (4 Tiffany on Real Property [3d ed.], pp. 383, 384.) " This taking by representation is termed succession *in stirpes,* according to the roots, since all branches inherit the same share as their root, whom they represent, would have done." (Blackstone's Comm., [Gavit] p. 354.) The doctrine is applied to prevent the exclusion of those in a more remote degree where necessary to make a just and equitable distribution. (2 Kent's Comm., p. 425.) However, " representation never changes or advances the degree; though where the degrees are unequal, it operates when declared by the statute, to give the representatives of a deceased person the share he would have taken if living." (*Hurtin* v. *Proal,* 3 Brad. 414, 418; *Matter of Healey,* 27 Misc. 352, 354.)

In respect of the amendment to subdivision 12 of section 2732, it has been said that " the plain and obvious meaning of the language of the Legislature is that the law, in so far as it deals with representation among collateral relatives, shall place them on an equal footing in respect to real and personal property ". (*Matter of De Voe,* 107 App. Div. 245, 247; *Matter of Butterfield,* 211 N. Y. 395, 402, 403.) We must, therefore, turn to the Real Property Law to determine the manner in which representation

was allowed with respect to real estate. Under the then applicable law, where an intestate left no descendants, parents, brothers or sisters or their descendants, the estate passed first to the brothers and sisters of the father or mother of the intestate, depending on whether the inheritance came to the intestate on the part of the father or mother. The statute expressly provided for division per stirpes among the living uncles and aunts and the descendants of any deceased uncles or aunts. If the inheritance did not come to the intestate on the part of either father or mother, the property "shall descend to the brothers and sisters both of the father and mother of the intestate, and their descendants in the same manner. In all cases mentioned in this section the inheritance shall descend to the brothers and sisters of the intestate's father or mother, as the case may be, or to their descendants in like manner as if they had been the brothers and sisters of the intestate." (Former Real Property Law [L. 1896, ch. 547], § 288.) Under the terms of this statute, uncles and aunts of an intestate and the descendants of deceased uncles or aunts would succeed to the real property and by virtue of the 1898 amendment to section 2732 of the Code the representatives of the deceased uncles and aunts would participate in the distribution of the personal property. (*Matter of Fay*, 77 Misc. 514; *Hyatt* v. *Pugsley*, 23 Barb. 285, mod. 33 Barb. 373; *Matter of Healey*, 27 Misc. 352; *New York Security & Trust Co.*, 46 Misc. 224; *Matter of Peck*, 57 Misc. 535; *Matter of Fleming*, 48 Misc. 589; Remsen on Intestate Succession in New York [4th ed.], ch. VII.) However, under the Real Property Law, great-uncles and great-aunts would take no portion of the estate if the intestate were survived by an uncle, aunt, or descendants of an uncle or aunt. (L. 1896, ch. 547, § 288; Remsen, pp. 97, 99.) The right of more remote collaterals to share in real property was derived from section 291 of the former Real Property Law (L. 1896, ch. 547) which read: "In all cases not provided for by the preceding sections of this article, the inheritance shall descend according to the course of the common law." (See Remsen, p. 98.) Section 288, when read in conjunction with section 291, plainly excluded more remote collaterals from participating with brothers and sisters of the parents and their descendants. It is clear, therefore, that representation in the manner here sought, would not have been permissible with reference to real property.

Such representation was never permissible in respect of personal property. The net distributable estate passed " to the next of kin, in equal degree to the deceased, and their legal representatives." Those in more remote degree would share by representation only to the extent permitted by law. Great-uncles and first cousins are related to the intestate in the same degree (Eager on Intestate Succession, p. 102; *Smith* v. *Gaines,* 35 N. J. Eq. 65) but the grandchildren and great-grandchildren of the former are related in a more remote degree than the first cousins. The statute made no provision for representation in such cases. Our earliest statutes (see L. 1787, ch. 38) and the law from which it was derived (see Blackstone's Comm. [Gavit] p. 518; 2 Kent's Comm. [14th ed.], p. 425; *Clayton* v. *Drake,* 17 Ohio St. 367, 373) did not admit of representation beyond brothers' and sisters' children. The 1898 amendment broadened the right of representation but only to the extent allowed with respect to real property. It did not permit descendants of great-uncles and great-aunts to share by representation with children of uncles and aunts. (Remsen on Intestate Succession in New York [4th ed.], p. 101.)

The court holds that the remainder is to be divided in equal shares between Armenia L. Connolly and Harriet L. Douglass.

Submit decree on notice in accordance with this and the prior decision of the court.