1. DESCENT AND DISTRIBUTION—STATUTE—CONSTRUCTION—COLLATERAL RELATIVES—REPRESENTATION.

   Code Civ. Proc. § 2732, subd. 12, prior to its amendment in 1898, provided that no representation should be admitted among collaterals after brothers' and sisters' children. By an amendment which took effect September 1, 1898, the section was changed so as to read that "representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate." *Held*, that under the amended provision grandnephews of an intestate are entitled to take by representation the shares of their parents in intestate's estate.

In the matter of the estate of Charles P. Ebbets, deceased. Motion by two grandnephews for a payment on account of their distributive share in decedent's estate. Motion granted.

William P. Burr, for petitioners Harry V. Ebbets and Walter Ebbets, grandnephews.

Joseph G. Williamson, Jr., for petitioner Fred E. Payne.

Robinson & Robinson (Alfred G. Reeves, of counsel), for Ebenezer W. Ebbets and others.

Carrington & Pierce, for administratrix.

CHURCH, S. This is a motion by two grandnephews for a payment on account of their distributive share in decedent's estate. It is opposed on the ground that they are not next of kin under the statute. Although the deceased left a will, as the legacy had lapsed, the parties take as if he had died intestate. His only relatives were as follows: Three nephews and a niece, the children of a deceased brother, James

Ebbets; a grandnephew, the son of a deceased niece, who was the daughter of the said James Ebbets, deceased; two grandnephews (the petitioners herein), sons of a deceased nephew, Harry V. Ebbets, who was the son of the said Charles Ebbets. Prior to 1898, subdivision 12 of section 2732 read: "No representation shall be admitted among collaterals after brothers' and sisters' children." This was always known as the "Justinian Rule," and under it, of course, the petitioners would be excluded. In 1898 this was amended, however, to read as follows: "Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate." What is the effect of this amendment? The objectors contend that it was not a repeal of the old provision, but that it was only intended to be effective when there was no person within the Justinian rule who would be entitled to take. The counsel, in a very learned and ingenious argument, has shown the wisdom of such an interpretation, and that it is unwise to disturb such an ancient rule; and in the Matter of Davenport; 65 N. E. 275, there are certain expressions which are favorable to this contention. I have held the matter in abeyance, as an appeal from the surrogate of Saratoga county brought up certain features which might settle the whole question, but the Court of Appeals affirmed that case without opinion, without explaining or modifying its language in the Davenport Case. The remarks in the opinion in that case should only be applied to the circumstances there under consideration, viz., that the nephew and niece and uncle and aunt took to the exclusion of cousins. The amendment of subdivision 5 of this section in 1903 makes the present meaning of the section perfectly plain. While this amendment can have no retroactive effect, yet the debate shows that it was declared to be its purpose to remove any doubt as to the amendment of 1898, and to cover the possible question which might arise from a misunderstanding of the Davenport Case. Surrogate Silkman made a similar decision. The grandnephews are therefore entitled to share in the estate, and the motion should be granted.

Motion granted.