1. DESCENT AND DISTRIBUTION—STATUTE—CONSTRUCTION—COLLATERAL RELATIVES—REPRESENTATION.

Code Civ. Proc. § 2732, subd. 12, prior to 1898 provided that no representation should be admitted among collaterals after brothers' and sisters' children. An amendment which took effect September 1, 1898, provides that "representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate." *Held*, that where an intestate died, leaving nieces, a grandniece, the only surviving representative of a deceased brother of intestate, and a grandnephew, the only surviving representative of a deceased sister, the grandnephew and grandniece were entitled to take by representation the share of their parents.

Proceedings upon the judicial settlement of the account of administrators of the estate of John Hadley, deceased.

James Farrell, for administrators.

Pierce H. Russell, special guardian for infant, and attorney for Jennie L. Waters, grandniece.

HEATON, S. John Hadley died intestate September 23, 1902, leaving, him surviving, no widow, child, or descendant of child, no father, mother, brother, sister, uncle, aunt, or descendant of an uncle or aunt. He did leave two nephews and five nieces and one grandniece, the only surviving representative of a deceased brother, and one grand-nephew, the only surviving representative of a deceased sister. The question is raised by the amendment of 1898 to subdivision 12 of section 2732, and by the recent construction put upon such section 2732 as a whole, as to whether or not such grandnephew and grandniece share in the distribution of this estate. For many years prior to September 1, 1898, subdivision 12, formerly subdivision 11 of section 2732, read: "No representation shall be admitted among collaterals after brothers' and sisters' children." While that prohibition remained in force grandnephews could not share if there were any persons of the brother or nephew classes. Matter of Bull, 4 Dem. Sur. 330; Matter of Stillwell, 1 Bradf. Sur. 300. Taking effect September 1, 1898, there was an amendment to subdivision 12, which reads as follows: "Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real. estate." John Hadley died while this amendment was in force, and his estate must be distributed in accordance with its meaning.

It has been held that the prohibition of the section as it formerly read was the only bar to the distribution to grandnephews and grandnieces in proper cases. Matter of Suckley's Estate, 11 Hun, 344; Matter of Stillwell, 1 Bradf. Sur. 300; Adee v. Campbell, 79 N. Y. 52. With the limitation removed by the amendment, such persons would share in distribution, provided this representation could be "in the same manner as allowed by law in reference to real estate."

The real property law (section 287, c. 547, p. 620, Laws 1896) provides:

"If all the brothers and sisters of the intestate be living, the inheritance shall descend to them; if any of them be living and any be dead, to the brothers and sisters living, and the descendants, in whatever degree, of those dead; so that each living brother or sister shall inherit such share as would have descended to him or her if all the brothers and sisters of the intestate who shall have died, leaving issue, had been living, and so that such descendants in whatever degree shall collectively inherit the share which their parents would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degrees."

There is no doubt that a child of a deceased nephew takes by representation the share of a parent who would have been in the class of those upon whom the descent of real property was cast. It follows conclusively that in this case the grandnephew and the grandniece would take real estate, and are, therefore, qualified under the amendment to participate in the benefit of the removal of the prohibition which

formerly was a bar against them, and are therefore entitled to represent their deceased parents in this distribution.

There would seem to be no doubt about the correctness of the foregoing view, either upon principle or authority, were it not for the unreported decision of the learned surrogate of Albany county in Matter of Winne (In re Hollands), recently affirmed in the Appellate Division (88 N. Y. Supp. 1103, mem.), where there survived the deceased nephews and nieces, and children of deceased nephews and nieces. In that case the surrogate held that no representation could be allowed to grandnephews and grandnieces, placing his decision upon his interpretation of Matter of Davenport, 172 N. Y. 454, 65 N. E. 275. In that case there were a nephew, a niece, two uncles, and two aunts, and a large number of first, second, and third cousins. All of the cousins claimed to share in the distribution by reason of the amendment. The decision was that the nephew and niece and the two uncles and two aunts, all being of the third degree of kinship, took the personalty equally, and that under these circumstances it was unnecessary to invoke the rule of representation. The surrogate had allowed the first, second, and third cousins to participate in the distribution as representatives of their deceased ancestors. The Appellate Division (67 App. Div. 191, 73 N. Y. Supp. 653) modified the surrogate's decree by restricting the distribution to the two nephews and nieces and the four uncles and aunts equally. The theory of that court was this: The amendment did more than repeal the prohibition against representation beyond nephews and nieces, and established in part a new rule, namely, that such distribution should be "in the same manner as allowed by law in reference to real estate," and was designed to harmonize and unify the devolution of property in the two classes of estates with respect only to representation, and in that respect only among collaterals; that the settled law as to the application of subdivisions 5 and 10 of section 2732 had not been changed by the amendment, and therefore the nephew and niece, uncles and aunts, were in equal degree, and together composing the class of stock among which division was to be made; each took equally and in his or her own right; that, as the uncles and aunts would not be heirs in case the property were real estate, no representation would be allowed to such as were deceased, inasmuch as representation is only allowed in the same manner provided by law in reference to real estate, and there can be no representation of one not inheriting; that the uncles and aunts would not inherit real estate, because prohibited by section 287 of the real property law, so long as there were any representatives in any degree of deceased brothers and sisters. From this decision it would seem that the following rule could be formulated to be applied in the distribution of other estates, viz.:

Distribution shall be made among the nearest next of kin in equal degree to the deceased, so that their shares shall be equal. Should there have been any brother or sister or descendant of brother or sister to the remotest degree, who would have been of the degree of kinship so entitled to share equally had he or she survived the deceased, his or her representatives shall share by representation in such distribution per stirpes; but descendants of an uncle or aunt whose ancestors might

have been so entitled to share shall not share by representation while there are descendants of a brother or sister in any degree surviving, but may share per stirpes when there are no brothers or sisters or their descendants surviving.

This rule would be clear, would give effect to the amendment, and would harmonize representation under the laws of distribution and the law of descent.

The Court of Appeals affirmed the decision of the Appellate Division, and wrote an opinion, which in all vital points followed the opinion of the Appellate Division; but in concluding its observations the court made use of two illustrations to show the application of the decision to cases involving different combinations of next of kin, in which illustrations the court does not seem to follow the principle of its decision. However, such seeming inconsistency, if there be one, ought not to be held to change the expressed opinion of the court, for the illustrations are obiter, and may not have been formulated with the necessary detail to fully show all the facts considered, and are, therefore, ambiguous.

The learned surrogate of Albany county, in the Winne Case, construes the decision in the Davenport Case to be "that the rule of representation could not be invoked while there was living next of kin in equal degree to the deceased." It would seem to be plain that such a rule of distribution would in no case allow the representatives of a deceased person to take the parents' share, for at all times there would be one or more living persons standing in the nearest or equal degree to the deceased, who would take the whole estate under such a rule. In the case at bar we have two nephews and five nieces, the nearest next of kin, and standing in the same degree to the deceased. There is also one grandnephew representing a deceased niece and a grandniece representing a deceased nephew. If the intestate had left real estate, the grandnephew and the grandniece would have taken their parents' share by representation, and therefore, under the amendment that admits representation among collaterals on the distribution of personal property "in the same manner as is allowed in respect to real estate," the grandnephew and grandniece would by representation take their parents' share. Let a decree be prepared accordingly.

Decreed accordingly.