FINUCAN v. RAMSDEN et al.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. HIGHWAYS—DEDICATION—EVIDENCE.
   A highway was surveyed, and the survey entered of record. Plaintiff, an abutting owner, expressed his willingness to have the street opened as intended. An order was made by the highway commissioners opening the road, and a map, made in 1885, drawn and filed for record pursuant to the survey, showed that certain trees in controversy were within the limits of the highway. *Held*, that such facts were sufficient to support a verdict that plaintiff intended to dedicate the land opposite his property within the limits of the highway as surveyed for such purposes.

2. SAME—ACCEPTANCE.
   Where highway commissioners surveyed a highway, and made an order opening the same, and a map conforming to the survey was filed in the county clerk's office as the act of such commissioners, such facts showed the acceptance of the highway by the town officers.

3. SAME—DESTRUCTION OF TREES—ACTIONS—DIRECTION OF VERDICT.
   Where, in an action against highway commissioners for destroying certain trees, there was evidence tending to show a dedication and acceptance of the place where the trees grew as a highway, and defendants claimed to have destroyed such trees in their official capacity by reason of their alleged incumbrance of the highway, it was error to direct a verdict in favor of the plaintiff.
   Hirschberg, P. J., dissenting.

Appeal from Trial Term, Nassau County.

Action by Thomas Finucan against Thomas T. Ramsden and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Fred Ingraham, for appellants.
Henry A. Monfort, for respondent.

HOOKER, J. This action was brought to recover damages alleged to have been suffered by the plaintiff by reason of the defendants having cut down two trees he claimed were growing on his land. The answer raised the general issue, and averred that the defendants were highway commissioners; that the trees were in the public highway, and obstructed the same; and that the defendants,

¶ 2. See Dedication, vol. 15, Cent. Dig. §§ 70, 71.

in cutting down the trees, acted as public officers in the performance of their duties. It was not disputed on the trial that defendants were highway commissioners, or that the highway in question, Conklin avenue, was a public highway under their jurisdiction. At the close of the evidence the court directed a verdict in favor of the plaintiff, and submitted to the jury the sole question as to the amount of damages. The defendants asked leave to go to the jury on all the questions in the case, but this application was denied, and the defendants excepted.

The respondent, in his brief, conceded the rule to be that "dedication by the landowner and acceptance by the public authorities are sufficient to make a public highway," and this may, therefore, be considered as stating the rule involved in the decision of this case. He urges, however, that there is no evidence of such dedication and acceptance in the record before us. With that statement I can scarcely agree. The plaintiff has owned premises immediately north adjoining Conklin avenue for 20 years or more, and for a long period of time his land has been unfenced and open from the wall of his hotel southerly across the highway. The trees in question, to the east of his hotel some 50 feet or more, the defendants claim were within the highway, and a map they have introduced in evidence, drawn pursuant to a survey made in 1885 and to an order of the then highway commissioners, shows that they were wholly within the bounds of the highway. One Vandewater was called by defendants, and testified that he had lived in the vicinity for 50 years, and that he has known the premises in question all that time. In 1885 he was one of the highway commissioners of the town within which is situated the plaintiff's land. He says that he remembers of a meeting being held at plaintiff's hotel on the 13th of August of that year, at which he was present with his associate commissioners. Two meetings were held, he says, about that time, and at one of them he saw the plaintiff, who stated that he was willing that the road be opened. The commissioners then showed him a survey they had made of the road, and the plaintiff was about and present during the making of that survey, and stated that he was willing it should be done. The original of the survey, the witness said, was entered of record in the town clerk's office; and the plaintiff, when spoken to about the road being narrow adjacent to his premises, and being advised that the commissioners were about to open it because it seemed best, coincided, and testified his willingness to have it so opened, saying that he thought it was the best thing to do. The defendants produced and introduced in evidence a copy of the order made by the board of highway commissioners at that time, and the map to which we have referred, and which shows that the trees were in the line of the highway, and, as appears from his evidence, conforms to that order. This testimony of Vandewater as to what the plaintiff agreed to in 1885 I cannot believe to point to any other reasonable conclusion than that it was evidence tending to support a finding that the plaintiff then intended to dedicate, for the use of the town as a public highway, the premises which were included within the part of the highway as fixed by the survey, order, and map; at least the evidence

was such, taken in connection with the documentary proof—the order
and the map—as to support a verdict that the plaintiff intended to
dedicate.   There is scarcely room for dispute that abundant evidence of
acceptance appears.   The fact of the survey being made, and the order
and map being filed in the town clerk's office as the act of the board
of highway commissioners, were facts which would have warranted a
conclusion of acceptance by the proper town officers.   The jury
would have been justified also in finding from the evidence of other
witnesses that the space between the trees and the plaintiff's hotel
and barn was open, and actually used by the public as a highway.
Because there was evidence of dedication and acceptance of the locus
in quo, had the issue been submitted to the jury, they might have
found such to be the fact, and predicated thereon a general verdict
for the defendants; and the refusal to submit the whole case to them
was therefore error, which requires a reversal.

Judgment and order reversed, and new trial granted; costs to abide the
event.   All concur, except HIRSCHBERG, P. J., who dissents.