---

(48 Misc. Rep. 589.)

### In re FLEMING et al.

### In re BROWN et al.

(Surrogate's Court, Erie County. November, 1905.)

1. DESCENT AND DISTRIBUTION—NEPHEWS AND NIECES.

Testator's will contained no residuary clause, and his only next of kin were nephews and nieces and children of deceased nephews and nieces. *Held*, that the grandnephews and grandnieces take by representation the shares of the testator's personal estate, undisposed of by will, which their parents would have taken if they had survived.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Descent and Distribution, §§ 118–120.]

2. SAME—COUSINS.

Second and third cousins are entitled to share with first cousins, receiving the shares which their respective parents and grandparents would have received, if living, per stirpes.

In the matter of the settlement of the accounts of John G. Fleming and others, executors, and of the settlement of the accounts of Lucina B. Brown and another, administrators, of the estate of Lucina Miles. Decrees rendered.

Charles F. Southworth, for administrators.

Charles M. Hughson, special guardian for infants and attorney for next of kin.

Frank C. Ferguson, for Grant D. Carmer, as assignee, and others, objecting.

Elijah W. Holt, Thomas A. Sullivan, and William B. Frye, for next of kin.

MARCUS, S. The questions involved upon the settlement of the accounts of the executors and administrators of the two above estates, respectively, present the right of certain collaterals to share in the decedent's estates by representation; and, as the questions in both estates are similar, and happen to come before me at the same time, they may be disposed of together.

In the O'Neill estate the testator died May 18, 1902, leaving a will, which, however, contained no residuary clause, and the result is that a large amount of the personal estate of the testator remains undisposed of by this will, and must be disposed of under the statute of distributions in like manner as if the testator had died intestate as to such property. The decedent left, him surviving, no descendants, father, mother, widow, brother, sister, uncles, or aunts. His nearest and only next of kin are nephews and nieces and children of deceased nephews and nieces. The only question before me is whether representation shall be allowed to the children of deceased nephews and nieces, and whether such grandnephews and grandnieces shall take the shares which their respective parents would have taken if living, or whether they shall be entirely excluded from participating in the personal estate, and the same divided equally among the surviving nephews and nieces. I have come to the conclusion that representation should be allowed to the grandnephews and grandnieces, and that they should take the shares which their respective parents would have taken if living, for the reasons which are briefly stated below.

In the estate of Lucina Miles the decedent died intestate on May 16, 1901, leaving no husband, descendants, ancestor, uncle, aunt, brother, sister, or descendant of a brother or a sister. Her only relatives were descendants of uncles and aunts, consisting of first cousins, second cousins, and third cousins. The question here presented is whether the second and third cousins are entitled to share with first cousins, receiving the shares which their respective parents and grandparents would receive if living. I have come to the conclusion in this case, likewise, that such representation should be allowed, and that the second and third cousins should share per stirpes, and for the same reasons.

Extremely able and exhaustive briefs have been submitted to me in both cases by the various counsel representing the conflicting interests, and the questions involved are not free from doubt. Those who object to the representation of grandnephews and grandnieces and second and third cousins rely upon the recent case of Matter of Davenport, 67 App. Div. 191, 73 N. Y. Supp. 653, affirmed in 172 N. Y. 454, 65 N. E. 275, where the testatrix left no husband, ancestor, descendant, brother, or sister, but was survived by a nephew and niece, two uncles, two aunts, and numerous first, second, and third cousins. The court there held that the estate should be divided into six equal parts, and distributed between the nephew and nieces and the two uncles and two aunts, to the exclusion of first, second, and third cousins. There were or grandnephews or grandnieces who survived the decedent. It would be interesting to analyze the Davenport decision, and to distinguish it from the two cases now before me for disposition; but this would be a mere work of supererogation, in view of the lucid and convincing opinions upon similar states of facts contained in the learned decisions

of Surrogates Heaton, of Rensselaer county, in Matter of Hadley, 43 Misc. Rep. 579, 88 N. Y. Supp. 545, Church, of Kings county, in Matter of Ebbets, 45 Misc. Rep. 575, 89 N. Y. Supp. 544, and Silkman, of Westchester county, in Matter of Patrick McGovern (Sur.) 98 N. Y. Supp. 304. Each of the above decisions was handed down subsequent to the determination ·of the Davenport Case by the Court of Appeals, and the latter case was distinguished by each of the surrogates, and held not applicable to the particular case before the court.

As the McGovern Case is not as yet reported in the official reports, it may be stated that the facts in that case were identical with those in the O'Neill Case before me. The decedent, Patrick McGovern, died in March, 1902, leaving no wife, or children, ancestor, descendant, brother, or sister, but survived by a nephew, three nieces, and a grandnephew and grandniece; and Surrogate Silkman, in considering carefully the effect of the Davenport Case, decided that the grandnephew and grandniece should share in the estate with the nieces. In the Matter of Hadley, supra, the intestate died September 23, 1902, likewise leaving nephews, nieces, and a grandnephew and grandniece, and it was held that the grandnephew and grandniece were entitled to take, by representation, their parents' shares. In the Matter of Ebbets, supra, the intestate died between the years 1898 and 1903, and was survived by nephews and nieces and grandnephews, and it was held that the grandnephews were entitled to receive their parents' share of the personal estate. Attention may also be directed to the recent decision of the Appellate Division, Second Department (Matter of Martin, 95 App. Div. 626, 88 N. Y. Supp. 1108). The decedent died intestate September 9, 1901, leaving no lineal descendants, ancestors, widow, brother, sister, uncle, or aunt. There survived him only one grandnephew and four first cousins, all of whom were removed in the fourth degree, and the court there held that the four first cousins were entitled to share equally with the grandnephews in the distribution of the estate.

There appears to be no decision bearing as directly upon the questions involved in the Miles estate now before me as do the decisions above cited to the O'Neill Case; but I have reached the conclusion that the situation in the Miles Case falls within the same principles, and is also distinguishable from the Davenport Case. I am, moreover, loath to extend the doctrine of the Davenport Case beyond the precise facts and relationships of the parties there involved, as it seems to me any enlargement of the doctrine will work great injustice, and subvert the ·. intention of section 2732 of the Code of Civil Procedure as amended in 1898. Laws·1898, p. 941, c. 319.

The questions presented in the cases before me, as well as those in the cases above cited before the other surrogates, will doubtless soon disappear from our courts, in view of the further amendment of the Code section above referred to, made by the Legislature in 1903, in view of the Davenport Case, and for the purpose of destroying the force of that decision; which outcome the Legislature, in all probability, sought to avoid by the earlier amendment of this section made in 1898.

For these reasons, I direct that the decrees upon the accountings in the two cases now before me provide for representation among all of the surviving next of kin, as above indicated.