(57 Misc. Rep. 535.)

## In re PECK.

(Surrogate's Court, Erie County.   January, 1908.)

DESCENT AND DISTRIBUTION—REPRESENTATION.

A decedent left only one maternal aunt, and descendants of uncles and aunts on both sides. His estate did not come to him on the part of either his father or mother. *Held*, that the descendants of deceased uncles and aunts are entitled to share in the distribution of his estate according to their respective stocks, under Code Civ. Proc. § 2732, subds. 5, 11, 12, as amended by Laws 1898, p. 941, c. 319.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Descent and Distribution, § 119.]

In the matter of the judicial settlement of the accounts of William E. Peck, administrator. Decree rendered.

Titus, Frye & Lamson, for administrator.

Edward T. Durand, Henry W. Hill, and Alfred H. Rowell, for Minnie G. Gurmor.

Reginald F. Penton, for cousins.

Medford B. Farrington, special guardian.

HART, S. Joseph Warren Phelps died in December, 1903, intestate, leaving real and personal property. His only relatives were one maternal aunt, Olive Scott Rodgers, who has since died, and descendants of four maternal aunts, three maternal uncles, two paternal aunts, and two paternal uncles.

The question which has arisen in this proceeding is as to whether the representatives of Mrs. Rodgers, who was the only surviving aunt of decedent, take the entire estate, to the exclusion of the descendants of the deceased uncles and aunts, which involves a construction of the amendment of 1898 (Laws 1898, p. 941, c. 319) to section 2732 of the Code of Civil Procedure. The subdivisions of this section applicable to the distribution of this estate are as follows:

Subdivision 5: "If there be no widow and no children and no representatives of a child, the whole surplus shall be distributed to the next of kin in equal degree to the deceased and their legal representatives."

Subdivision 11: "When the descendants or next of kin are of unequal degree of kindred, the surplus shall be apportioned among those entitled thereto, according to their respective stocks; so that those who take in their own right shall receive equal shares, and those who take by representation shall receive the share to which the parent whom they represent, if living would have been entitled."

Subdivision 12: "Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate."

Real Property Law, Laws 1896, p. 620, c. 547, § 288, provides that where the inheritance has not come to the intestate on the part of either father or mother, which is the situation in this case, and there are no descendants, father, mother, brothers, or sisters, or descendants of brothers or sisters, then the real estate shall descend to the brothers and sisters both of the father and mother of the intestate and their descendants. I have carefully examined the authorities submitted to me by the counsel for the various interests, and have reached

the conclusion that the descendants of deceased uncles and aunts are entitled to share in the distribution according to their respective stocks. Unquestionably the real estate of decedent descends to them, and there would also seem to be no uncertainty as to their right to share in the personalty.

Numerous decisions have been handed down regarding the effect of the amendment of 1898 to this section of the Code, and as to various degrees of relationship, and the prevailing opinion seems to be in favor of the conclusion reached herein. My predecessor held, in Matter of Fleming, 48 Misc. Rep. 589, 98 N. Y. Supp. 306, that grandnephews and grandnieces took by representation the shares which their respective parents would have taken, if living, and in the same opinion held, in Matter of Brown, where the only next of kin were first, second, and third cousins, that the second and third cousins took per stirpes; and the surrogate of Dutchess county so held in Matter of Dunning's Estate, 48 Misc. Rep. 482, 96 N. Y. Supp. 1110, where the next of kin were two aunts and five cousins, the children of deceased uncles and aunts, and to the same effect are Matter of Ebbets' Estate, 43 Misc. Rep. 575, 89 N. Y. Supp. 544, Matter of Hadley's Estate, 43 Misc. Rep. 579, 89 N. Y. Supp. 545, and Matter of De Voe, 107 App. Div. 245, 94 N. Y. Supp. 1129, affirmed 185 N. Y. 536, 77 N. E. 1185.

There is nothing to the contrary in Matter of Davenport, 172 N. Y. 459, 65 N. E. 275. In that case the personal estate was distributed to nephews and nieces and uncles and aunts, upon the ground that all were next of kin in equal degree to the deceased; and descendants of deceased uncles and aunts were excluded. They could not inherit real estate, with nephews and nieces living, and, therefore, no representation could be permitted under subdivision 12.

Let a decree be entered directing the distribution of this estate per stirpes.

Decreed accordingly.