own name.   In the year 1873 she procured a decree of separation from him, and they remained apart from then until her death, which occurred in May, 1901.

The case presented by this proof is the ordinary one of a conveyance by a husband to his wife of all his property with the intention of vesting in her the absolute title.   There is no pretense that the plaintiff did not know that he was executing an absolute deed and bill of sale, or that he did not intend to execute such documents. There is no suggestion of fraud or misrepresentation, and no trust was created or sought to be created.   It follows that the complaint was properly dismissed, and that the judgment should be affirmed.

Judgment affirmed, with costs.   All concur.

---

### In re DE VOE.

(Supreme Court, Appellate Division, Second Department.   July 27, 1905.)

DESCENT AND DISTRIBUTION—DISTRIBUTION OF PERSONALTY—NEXT OF KIN—
NEPHEWS AND GRANDNEPHEWS—REPRESENTATION.

Code Civ. Proc. § 2732, subds. 5, 10, 11, regulate the distribution of personalty among next of kin, and subdivision 12, as amended by Laws 1898, p. 941, c. 319, provides that representation in the distribution of personalty of a decedent shall be admitted among collaterals in the same manner as allowed by law in reference to real estate.   Real Property Law, Laws 1896, p. 620, c. 547, § 287, provides that if any of the brothers and sisters of an intestate shall be living, and any shall be dead, the inheritance shall descend to those living and to the descendants, in whatever degree, of those dead.   *Held* that, on the death of an intestate leaving only nephews and grandnephews, his personalty goes to the nephews and to the grandnephews by right of representation.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Descent and Distribution, §§ 97, 99.]

Appeal from Special Term, Kings County.

In the matter of the judicial settlement of the account of Rita W. De Voe, as administratrix with the will annexed of Charles P. Ebbets, deceased.   From orders directing the administratrix to make advance payments to Fred. E. Payne and others, grandnephews, as next of kin of decedent, and from a final decree of distribution (89 N. Y. Supp. 544), Ebenezer W. Ebbets and others, nephews of the decedent, appeal.   Affirmed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

Alfred G. Reeves, for appellants.
Joseph G. Williamson, Jr., for respondents Fred. E. Payne and another.
Clarence L. Barber, for respondents Ebbets.
James A. Dayton, for respondent The Estates Settlement Company.
A. B. Carrington, for respondent administratrix.

WOODWARD, J.   Charles P. Ebbets died on the 21st day of November, 1902, leaving a last will and testament, which was duly ad-

mitted to probate. By the terms of said will he devised and bequeathed all his property, real and personal, to his brother, Daniel I. Ebbets, who died prior to the death of the testator, so that the latter, for practical purposes, died intestate, and his personal estate is in no wise affected by the terms of the will. The testator left, him surviving, as his only relatives, Ebenezer W. Ebbets, a nephew; William E. Ebbets, a nephew; James E. Ebbets, a nephew; Rita W. De Voe, a niece; Fred. E. Payne, a grandnephew; Walter E. Ebbets, a grandnephew; and Harry E. Ebbets, a grandnephew. The question at issue is whether these grandnephews, sons of deceased nephews or nieces, are entitled to distributive shares in the personal estate by representation. The learned surrogate has held that they were entitled to distributive shares, and the nephews appeal from the orders and decree entered upon the decision.

Prior to 1898, section 2732 of the Code of Civil Procedure, which regulates distributions, provided, in subdivision 5, that:

"If there be no widow and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives."

Subdivision 10 of the same section provided that:

"Where the descendants, or next of kin of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal."

Subdivision 11 continued with the provision that:

"When such descendants or next of kin are of unequal degrees of kindred, the surplus shall be apportioned among those entitled thereto, according to their respective stocks; so that those who take in their own right shall receive equal shares, and those who take by representation shall receive the shares to which the parent whom they represent, if living, would have been entitled."

Without further statutory provisions, it is clear that personal property would have been distributed by representation among collaterals in the same manner as among lineals, to the remotest degree; but subdivision 12 of the section provided that:

"No representation shall be admitted among collaterals, after brothers' and sisters' children."

That is, where the property went to brothers or sisters, representation ceased with the children of such brothers and sisters, so that grandnephews and grandnieces would not take.

This was the state of the law up to 1898. In that year the Legislature amended subdivision 12 of section 2732 of the Code of Civil Procedure, so that it provided that:

"Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate."

Clearly the Legislature by this amendment intended to change the law in some practical degree—intended to extend, in some measure at least, the scope of representation in the distribution of personal property; and the plain language of the amendment is that representation shall be admitted in the same manner as allowed by law in reference to real estate. That is, the same rules

which apply to the division of real estate among those entitled to take are extended to personal property, and, if grandnephews and grandnieces would be entitled to take real estate, they are likewise entitled to a distributive share of personal property.

Section 287 of the Real Property Law (chapter 547, p. 620, Laws 1896) provides:

"If all the brothers and sisters of the intestate be living, the inheritance shall descend to them; if any of them be living and any be dead, to the brothers and sisters living, and the descendants in whatever degree, of those dead; so that each living brother or sister shall inherit such share as would have descended to him or her if all the brothers and sisters of the intestate who shall have died, leaving issue, had been living, and so that such descendants in whatever degree shall collectively inherit the share which their parent would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degrees."

There does not appear to be any room for argument here. The plain and obvious meaning of the language of the Legislature is that the law, in so far as it deals with representation among collateral relatives, shall place them on an equal footing in respect to real and personal property; and, as grandnephews and grandnieces would be entitled to share in the real estate by representation, they have, under the amendment of 1898, the right to participate in the distribution of the personal estate upon the same basis.

There is nothing decided to the contrary in Matter of Davenport, 172 N. Y. 454, 65 N. E. 275. In that case the intestate left no husband, ancestor, descendant, brother, or sister, but was survived by a nephew and niece, children of a deceased brother, 2 uncles, 2 aunts, 45 first cousins, 33 second cousins, and 1 third cousin, making in all 81 next of kin, the first, second, and third cousins being descendants and representatives of deceased uncles and aunts; and the point determined was that the nephew and niece and the 2 uncles and 2 aunts were next of kin in equal degree, being the third degree, and that the estate should be divided into 6 equal parts and so distributed, shutting out the whole group of cousins. Obviously, under subdivisions 5 and 10 of section 2732 of the Code of Civil Procedure, the distribution was limited to the collateral relatives of equal degree, and this is what the court finally held. It is clear, from the reading of section 288 of the Real Property Law (Laws 1896, p. 620, c. 547), that uncles and aunts and their descendants inherit only when there are no brothers and sisters of their descendants (Matter of Davenport, supra); while in the case at bar there are descendants of brothers and sisters, and these are entitled to take the share of the personal property which would have gone to their parents, if living, just as they would have taken real estate, if there had been such an estate. As the uncle and aunt in Matter of Davenport, supra, did not take by representation, but, by reason of their equal relationship with the nephew and niece, neither of whom appealed, it is clear that their descendants had no rights by representation. But in the case now before us the nephews and nieces take by representation, and there is no good reason why the grandnephews should not share in the distribution

by representation in a like manner as though it was real estate; for this, it seems to us, is the purpose of the amendment of 1898.

The orders and decree should be affirmed, with costs. All concur.