reciting the date of the instrument and the date and place of record. Counsel for the defendant objected to this method of proving these records, and insisted either upon the original records or certified copies of the instruments. This objection was overruled; the court saying that the offer would be received, and, "if you think there is anything appearing of record in the register's office with respect to these instruments, you will have ample time and opportunity to do so." Counsel for the defendant still insisted upon his objection, stating that he was entitled to have certified copies or the records themselves, to which the court replied:

"In other words, all this is taken subject to correction, if you find there is any inaccuracy."

To this ruling the defendant excepted. It is quite evident that these exceptions were well taken. No records were produced, and no certified copies of the instruments or the instruments themselves were produced. The only way of proving instruments of this kind is by either the original instrument, the original record, or a certified copy. The court is not justified in receiving a statement of counsel as to the contents of the instruments recorded, thus throwing the burden upon the defendant of traveling to the various recording offices to examine the records, and subsequently question the accuracy of the counsel's statements. It was necessary to produce the instruments themselves, or the records or copies of them, in court; and counsel could not, by verbally stating to the court the contents of the instruments, have such a verbal statement of the instruments taken as evidence.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(54 Misc. 495)

## In re PROTE.

### (Surrogate's Court, Westchester County.)

1. DESCENT AND DISTRIBUTION—NEXT OF KIN.

    Where intestate died, leaving three nephews and the child of a deceased nephew as her sole next of kin, the whole surplus of her estate was distributable to such next of kin in equal degree to the deceased and their representatives, as provided by Code Civ. Proc. § 2732, par. 5.

2. SAME—DIVISION.

    Code Civ. Proc. § 2732, par. 11, provides that, when descendants or next of kin are of unequal degrees of kindred, the surplus shall be apportioned among those entitled thereto according to their respective stocks, so that those who take in their own right shall receive equal shares, and those who take by representation shall receive the share to which the parent whom they represent, if living, would have been entitled. Held that, where intestate left as her sole next of kin three nephews and the child of a deceased nephew, each nephew was entitled to one-quarter of the estate, and the representative of the deceased nephew the remaining quarter.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Descent and Distribution, §§ 121, 122.]

Judicial accounting of John R. Prote, as administrator of Mary
Louisa Nichols, deceased. Decree of distribution entered.

William H. Sweney, for administrator.

Francis X. Donoghue and Thomas F. Curran, special guardians.

WILLARD, S. Mary Louisa Nichols died intestate on the 27th
day of March, 1905, leaving as her only heirs at law and next of kin
John R. Prote, a son of Martha Prote, a deceased sister of deceased,
and John H. Kothe and Herman Kothe, sons of Eliza Kothe, a de-
ceased sister of deceased, and Charles Kothe, a son of Charles Kothe,
deceased, who was a son of said Eliza Kothe, deceased.

It is claimed on behalf of the administrator that distribution of the
estate should be made, one-half to said administrator, as the sole heir
and next of kin of his mother, Martha Prote, and the other one-half
in equal parts to John H. Kothe, Herman Kothe, and Charles Kothe,
who are all of the heirs at law and next of kin of Eliza Kothe, the
other sister of said intestate. Paragraph 5 of section 2732 of the Code
of Civil Procedure provides as follows:

"If there be no widow, and no children, and no representatives of a child,
the whole surplus shall be distributed to the next of kin, in equal degree to
the deceased, and their legal representatives; and if all the brothers and sis-
ters of the intestate be living, the whole surplus shall be distributed to them;
if any of them be living and any be dead, to the brothers and sisters living,
and the descendants in whatever degree of those dead; so that to each living
brother or sister shall be distributed such share as would have been distributed
to him or her if all the brothers and sisters of the intestate who shall have
died leaving issue had been living, and so that there shall be distributed to
such descendants in whatever degree, collectively, the share which their parent
would have received if living; and the same rule shall prevail as to all direct
lineal descendants of every brother and sister of the intestate whenever such
descendants are of unequal degrees."

Paragraph 10 of the same section provides that:

"Where the descendants, or next of kin of the deceased entitled to share in
his estate, are all in equal degree to the deceased, their shares shall be equal."

By paragraph 5, above referred to, it is plain that the whole surplus
in this estate must be distributed to the next of kin in equal degree to
the deceased and their legal representatives. Both of the sisters of
the intestate being dead, the next of kin to the intestate are the nephews
of said intestate, and all nephews would, under paragraph 10, take
an equal share; but in this case there are three nephews and also a
child of a deceased nephew. This case seems to be covered by para-
graph 11 which provides as follows:

"When such descendants or next of kin are of unequal degrees of kindred,
the surplus shall be apportioned among those entitled thereto, according to
their respective stocks; so that those who take in their own right shall receive
equal shares, and those who take by representation shall receive the share to
which the parent whom they represent, if living, would have been entitled."

The underlying principle, which it seems to me is the proper basis
for the decision of all of such cases, is that you must first find the near-
est class of relationship to the intestate, and that each one in the near-
est class take an equal share of said estate, and the representatives of
any in that class who have died take the share which the parent would

have been entitled. In this case, therefore, as above set forth, the next of kin being three nephews and the child of a deceased nephew, each nephew is entitled to one-quarter of the estate, and the representative of the deceased nephew is entitled to the other fourth. It seems to me that there can be no doubt that this is the underlying principle of this law, and it certainly grants exact justice to all concerned, if each one of the nearest class to the intestate receive an equal share and the representatives of any who have died receive the same share as their parent would have received, if living.

Decree in this case should therefore be prepared, giving to John R. Prote, John H. Kothe, Herman Kothe, and Charles Kothe each one-quarter of the estate.

(53 Misc. Rep. 196.)

## In re HIBBARD'S ESTATE.

(Surrogate's Court, Madison County. February, 1907.)

WILLS—CONSTRUCTION.

> Testator gave his wife the entire use of all his property during her life, to draw on the principal, if necessary, for support, and died leaving a sister, two nephews and a niece, to whom he gave legacies. *Held,* that the wife had the entire use of the property for her support during life, with a right to draw on the principal if the income was insufficient.

In the matter of the estate of Cyrus D. Hibbard. Proceedings for an interlocutory accounting. Decree rendered.

Carey D. Davie, for executor.

Charles R. Coville, special guardian.

KILEY, S. This is a proceeding for an intermediate accounting of the executor and necessitates a construction of the will of decedent. There is no contest over the executor's account; and the only question requiring construction here, outside of the formal settlement of the account, is the construction to be placed upon the provisions contained in the will.

Cyrus D. Hibbard died at the town of Hamilton, Madison county, N. Y., on the 24th day of February, 1904. He made his last will and testament, which is the one in question here, February 23, 1904, the day before he died. The provisions of the will which are up for construction in this proceeding are as follows:

"First. I direct that all my just debts and funeral expenses be paid.

"Second. I will & bequeath to my wife Louisa M. Hibbard the entire use of my Real and Personal property of whatever name & nature during her life, to draw on principal for her necessary support during life. Also my nephew Merton F. Hibbard 1000. (One thousand).

"To my sister Roxie Burdick $1000. One thousand dollars. Also my nephew Arthur Brown the use his lifetime of $500. and then to his son Paul Brown. Also to my niece *Ann* Eliza Palmiter 1000. One thousand. $200. in Savings Bank at Utica for care of Cemetery lot at Hubbardsville Cemetery.

"Lastly, I hereby appoint M. M. Stevens *Ex.* and Administrator if any Bal. to be divided according to sums named in Will. Exec. of this, my last Will and Testament; hereby revoking all former Wills by me made."

The opposing parties are agreed upon the construction to be placed upon all the provisions of the will excepting the provision made for