In the Matter of the Probate of the Will of JULIA L. BUTTERFIELD, Deceased.

GEORGIANNA MARSHALL et al., Appellants; NATHAN P. BUSHNELL et al., as Special Guardians of MILDRED M. WHEELER et al., Infants, et al., Respondents.

Decedent's estate — distribution of estate to collateral next of kin of decedent — construction and application of statutes and authorities relating thereto.

On examination and review of the statutes and authorities, *held*, that chapter 367 of the Laws of 1903, now section 98 of the Decedent Estate Law (Cons. Laws, ch. 13), expressly provides for representation in distribution in cases of descendants of brothers and sisters, and enables them to take to the exclusion of uncles and aunts and their descendants.

*Matter of Butterfield*, 161 App. Div. 506, affirmed.

(Argued April 15, 1914; decided June 2, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 13, 1914, which reversed an order of the Putnam County Surrogate's Court granting the application of appellants for leave to intervene in proceedings for probate of the will of Julia L. Butterfield, deceased, and denied said application.

The facts, so far as material, are stated in the opinion.

*William H. Hamilton* for appellants. The case falls directly within subdivisions 5 and 10 of section 98 of the Decedent Estate Law which provide that in such a case as to personal property, "The whole surplus shall be distributed to the next of kin in equal degree to the deceased and their legal representatives;" and "their shares shall be equal." (*Matter of Nichols,* 60 Misc. Rep. 299; *Matter of Barry,* 62 Misc. Rep. 456; *Pond* v. *Bergh,* 10 Paige, 140; *Doughty* v. *Stillwell,* 1 Bradf. 300; *Matter of Prote,* 54 Misc. Rep. 495; *Matter of F. L. & T. Co.,* 68 Misc. Rep. 279; *Hurtin* v. *Proal,* 3 Bradf. 414; 79 N. Y. 54; *Matter of Davenport,* 172 N. Y. 454; *Matter of Hadley,* 43 Misc. Rep. 582; *Matter of Peck,* 57 Misc. Rep. 535; *Matter of Thompson,* 41 Misc. Rep. 223; 87 App. Div. 609; *Matter of Youngs,* 73 Misc. Rep. 355; *Matter of Adams,* 150 App. Div. 928; 207 N. Y. 769.)

*Nathan P. Bushnell, William E. McReynolds* and *Frederick C. Hunter* for infant respondents. The decedent, Julia L. Butterfield, having left her surviving a grandnephew and four great-grandnieces, her cousins of whatever degree are not among her next of kin, but such grandnephew and great-grandnieces are her only heirs at law and next of kin. (*Grinnel* v. *Howland,* 51 Misc. Rep. 132; *Matter of N. Y. S. & T. Co.,* 46 Misc. Rep. 224.) Subdivision 5 of section 98 of the Decedent Estate Law contemplates that uncles and aunts and their descendants shall not take as next of kin when the decedent left surviving the issue of any deceased brothers or sisters. (*Matter of Davenport,* 172 N. Y. 455; *Matter of Hoes,* 119 App. Div. 288; *Matter of Devoe,* 107 App. Div. 246.)

*Charles F. Brown* and *Alfred H. Holbrook* for respondents. When a testatrix leaves surviving her a grand-

nephew and great-grandnieces and no other nearer relatives than first cousins, the first cousins are excluded both as heirs and next of kin. (*Matter of Davenport*, 172 N. Y. 454; L. 1909, ch. 18, §§ 87, 98.)

HISCOCK, J. Julia Lorillard Butterfield died in Putnam county, New York, on August 6, 1913, leaving a purported last will and testament and leaving her surviving no husband, parent or descendants, but, as her nearest of kin, a grandnephew and four great-grandnieces, descendants of a predeceased sister, who are respondents here, and also four cousins, the descendants of brothers of the decedent's mother.

In the petition for the probate of the will these latter relatives were not mentioned in the statement of those who were next of kin of the decedent, and interested in the distribution of her estate, and thereafter they made application to the surrogate for leave to intervene in the proceedings, and the course of which application has already been stated. The decision of the question whether the Appellate Division was correct in reversing the order of the surrogate and prohibiting the intervention of the appellants depends solely on the question whether they are interested in the distribution of the decedent's estate or whether the descendants of the decedent's sister are exclusively entitled to take such estate in case the proceedings for the probate of the will fail.

At the time the decedent died subdivision 5 of section 98 of the Decedent Estate Law (Consol. Laws, ch. 13), pertaining to the distribution of personal property and concededly applicable to the present case, provided as follows:

"If there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives; and if all the brothers and sisters of the intestate be living, the whole

surplus shall be distributed to them; if any of them be living and any be dead, to the brothers and sisters living, and the descendants in whatever degree of those dead; so that to each living brother or sister shall be distributed such share as would have been distributed to him or her if all the brothers and sisters of the intestate who shall have died leaving issue had been living, and so that there shall be distributed to such descendants in whatever degree, collectively, the share which their parent would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degrees."

Subdivisions 10 and 12 of said section provided as follows:

Subdivision 10. " Where the descendants, or next of kin of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal."

Subdivision 12. " No representation shall be admitted among collaterals after brothers and sisters descendants."

The claims of the respective parties under these provisions are, on the part of the respondents that the descendants of a deceased brother or sister take to the exclusion of cousins although of equal degree of kinship, and on the part of the appellants that the great-grandnieces by representation take the share which their father if living would have taken and that cousins and grandnephews being of equal degree of kinship, the estate should be divided and distributed in eight parts, one to each cousin and one part each to the grandnephew and to the descendants of the grandnephew. In other words, the claim of the respondents is that the provisions quoted give descendants of a brother or sister preference in distribution over cousins although of a nearer degree of kinship, and the claim of the appellants is that equality in degree of kinship in respect of cousins and descendants of a brother or sister controls the distribution except that

the descendants of an ancestor, in this case a grand-nephew, may by representation take the share which such ancestor if living would have taken.

In the determination of this technical question of which the solution is not free from perplexity I shall take the decision in *Matter of Davenport* (172 N. Y. 454) as the foundation for my reasoning and conclusions.

That case involved the distribution of personal estate of one who had died in September, 1908, leaving her surviving no husband, ancestor, descendant, brother or sister, but leaving a nephew and niece, two uncles and two aunts, and a large number of first and second cousins, descendants of deceased uncles and aunts. The Surrogate's Court distributed the estate amongst all of said collaterals, expressly including said cousins. The Appellate Division modified this disposition and ordered distribution amongst the nephew, niece, uncles and aunts; holding that they were of equal degree of kinship and entitled to share equally and that the rule of representation did not apply. On appeal to this court the appellants who were cousins insisted that the decree of the Surrogate's Court should be restored while the nephew and niece argued that they were entitled to the entire estate through their parent by representation. It is to be noted, however, that these latter parties had not appealed and were not entitled to urge this view further than might be necessary for the purpose of answering appellants and securing an affirmance.

The condition of the statutes which governed the case at that date was as follows: Prior to 1898 subdivision 12, section 2732 of the Code of Civil Procedure (then dealing with this subject of distribution) provided: "No representation shall be admitted among collaterals, after brothers' and sisters' children." Chapter 319, Laws of 1898, amended this provision so as to read: "Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate."

The Real Property Law (General Laws, ch. 46) thus referred to provided for descent of real property as follows: Section 287. "If all the brothers and sisters of the intestate be living, the inheritance shall descend to them; if any of them be living and any be dead, to the brothers and sisters living, and the descendants, in whatever degree, of those dead; so that each living brother or sister shall inherit such share as would have descended to him or her if all the brothers and sisters of the intestate who shall have died, leaving issue, had been living, and so that such descendants in whatever degree shall collectively inherit the share which their parent would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degrees."

Subdivision 5 of section 2732 provided: "If there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives."

Subdivision 10 provided: "Where the descendants, or next of kin of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal."

Under these statutes it was held that if the rule of representation was to be applied the nephew and niece would take the entire estate to the exclusion of the uncle and aunt, since this would be the meaning of section 287 of the Real Property Law under similar conditions in respect of the descent of real property, and since representation among collaterals in respect of personal property was to be "in the same manner as allowed by law in reference to real estate."

The feature of this view to be kept in mind is that section 287 of the Real Property Law, quoted above, gave descendants of a brother or sister, although of more

remote degree, preference by representation over an uncle
or aunt, because of the effect this interpretation must
have in our interpretation of the subsequent statute
applicable to the present case governing the distribution
of personal property.

I do not overlook the argument made by appellants
at this point to the effect that the above opinion in the
*Davenport* case concerning the rule of preference of
descendants of brothers and sisters over uncles and aunts
and their descendants in respect of the descent of real
property was based on section 288 instead of section 287
of the Real Property Law, and, therefore, does not serve
as any guide in the interpretation of the later statute
involved in this case and which was modeled after section
287 and contained no counterpart of section 288. This
argument, however, is not well made. Section 287 pro-
vided for inheritance by brothers and sisters and their
descendants. Section 288 provided for inheritance by
uncles and aunts if there should be " no heir entitled to
take under the preceding sections." It was, therefore,
the preceding section (287) which excluded uncles and
aunts. Section 288 simply provided for the latter in case
there were none of the heirs favored by the preceding
section to their exclusion. Section 288 did not add to the
meaning of section 287; it simply recognized that that
section by its own terms did exclude uncles and aunts.

Having reached this conclusion concerning the effect
of representation if applied, the court then said: " The
important question in this case is, reading all the provi-
sions of section 2732 together, when is the rule of representa-
tion to be invoked in the distribution of personal property ?

" In subdivision 5, as quoted, we have the clear rule
laid down that the next of kin, in equal degree to the
deceased and their legal representatives, are to take, and
subdivision 10 declares that where the next of kin entitled
to share are in equal degree their shares shall be equal.

" The surviving nephew and niece, the two uncles and

the two aunts are all of the same degree of kinship, to wit, the third, and under these circumstances it is unnecessary to invoke the rule of representation.

"To give any other construction to the present law of distribution would be, in the great majority of cases, to divide estates into shares so small as to benefit none of the next of kin. * * * As already pointed out, under the Real Property Law, brothers and sisters and their descendants inherit in the first instance, and if there be none then the aunts and uncles of the intestate and their descendants take." (p. 458.)

This case, therefore, seems to make it clear that if the statutes concerning the descent of real property and the distribution of personal property were the same now as when the *Davenport* case was decided and the rule of representation were to be applied, the respondents would take to the exclusion of appellants.

In *Matter of De Voe* (107 App. Div. 245, 247), decided after the *Davenport* case, it was written: "Clearly the Legislature by this amendment (that of 1898 providing for representation among collaterals by representation in the same manner as allowed in reference to real estate) intended to change the law in some practical degree; intended to extend, in some measure at least, the scope of representation in the distribution of personal property, and the plain language of the amendment is that representation shall be admitted in the same manner as allowed by law in reference to real estate. That is, the same rules which apply to the division of real estate among those entitled to take are extended to personal property, and if grandnephews and grandnieces would be entitled to take real estate they are likewise entitled to a distributive share of personal property. * * *

"There does not appear to be any room for argument here; the plain and obvious meaning of the language of the Legislature is that the law, in so far as it deals with representation among collateral relatives, shall place

them on an equal footing in respect to real and personal property, and as grandnephews and grandnieces would be entitled to share in the real estate by representation, they have, under the amendment of 1898, the right to participate in the distribution of the personal estate upon the same basis."

The question then arises whether any changes in the statutes have been made which require that the rule of representation which the court refused to apply in the *Davenport* case should be applied in this case, or which, if it is applied, require a different rule of distribution as between descendants of uncles and aunts and descendants of brothers and sisters than would have prevailed at the time the *Davenport* case was decided.

In 1903, or the next year after the *Davenport* decision, subdivision 5, section 2732 of the Code was amended (Laws of 1903, chapter 367), and for convenience I again quote the subdivision as it reads after such amendment, the amendment being inclosed in brackets:

" 5. If there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives; [and if all the brothers and sisters of the intestate be living, the whole surplus shall be distributed to them; if any of them be living and any be dead, to the brothers and sisters living, and the descendants in whatever degree of those dead; so that to each living brother or sister shall be distributed such share as would have been distributed to him or her if all the brothers and sisters of the intestate who shall have died leaving issue had been living, and so that there shall be distributed to such descendants in whatever degree, collectively, the share which their parent would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degrees]."

In 1905 (Laws of 1905, chapter 539) subdivision 12, section 2732, Code of Civil Procedure, which under the amendment of 1898, read at the time of the *Davenport* decision, and the decease of the decedent therein mentioned, "Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate," was amended so as to read: "No representation shall be admitted among collaterals after brothers and sisters *descendants.*"

This provision prior to the amendment of 1898 had read: "No representation shall be admitted among collaterals, after brothers' and sisters' *children.*"

These provisions without any change have now been transferred to the Decedent Estate Law (section 98), and sections 287 and 288 of the Real Property Law have become sections 87 and 88 respectively.

The language employed in the amendment to subdivision 5 of section 2732 of the Code is the same language which was used in section 287, Real Property Law, save for some slight changes necessary to make it appropriate to personal property. The amendment was adopted the year following the *Davenport* decision to the effect that under section 287 of the Real Property Law representation prevailed as to descendants of brothers and sisters, enabling them to take to the exclusion of uncles and aunts and their descendants, and that if representation prevailed as to such next of kin in the distribution of personal property the same result would follow. Under such circumstances the purpose of this amendment to the statute governing the distribution of personal property and the interpretation which we should place upon its language seem plain. As was well written by Mr. Justice STAPLETON at the Appellate Division in summing up the effect of this legislation, "the design was clearly to prefer brothers and sisters of an intestate, and all the direct lineal descendants of brothers and sisters to the remotest degree, as distributees over all other kindred not in closer

blood relationship to the intestate, and thus conform the distribution of personalty to the descent of realty. * * * We are unable to see how section 87 (formerly 287) and subdivision 5 of section 98 of the Decedent Estate Law, expressed in substantially the same words, are to be construed under a certain state of facts, the one as excluding the uncles and aunts and their descendants from inheritance, and the other as including them among distributees."

Nor do I think this result in this case was in any manner affected or impaired by the repeal in 1905 of the amendment of 1898, that representation in respect of personal property should be admitted among collaterals in the same manner as allowed by law in reference to real estate and the substitution therefor of the provision that no representation should be admitted among collaterals after brothers and sisters' descendants.

If I am right in my interpretation of the amendment of 1903 it expressly provided for representation in distribution in cases of descendants of brothers and sisters, and enabled them to take to the exclusion of uncles and aunts and their descendants, and if such rights were secured to them by specific enactment they were not destroyed by the repeal of a general rule covering the subject of representation at large, and as emphasizing this it is to be noted that the amendment or substituted provision which was adopted in 1905 was entirely in harmony with the amendment of 1903 to subdivision 5 by providing that representation should extend to the "descendants" of brothers and sisters instead of to their "children," as had been the law prior to the adoption of the amendment of 1898 then being repealed.

In accordance with these views the order appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, CHASE, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Order affirmed.