(90 Misc. Rep. 273)

### In re POLANSKY et al.

### In re HYMAN'S WILL.

(Surrogate's Court, Kings County. April, 1915.)

DESCENT AND DISTRIBUTION ⊚⟶43—HEIRSHIP—SECOND COUSINS—PERSONAL ESTATE.

 Under the statute of distributions, where a testator dies leaving him surviving no next of kin nearer than cousins and children of deceased cousins, the cousins take the entire personal estate; and hence a motion by the children of the deceased cousins to intervene in a proceeding to probate the will, their claim being that they will be entitled to share in the decedent's estate, if it be found that he died intestate, will be denied.

 [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 121, 122; Dec. Dig. ⊚⟶43.]

Application of Jennie Polansky and others for leave to intervene in the matter of proving the last will of John Hyman, deceased. Motion denied.

I. Gainsburg, of New York City, for the motion.
Isaac Lublin, of Brooklyn, opposed.

KETCHAM, S. The decedent died on January 13, 1915, leaving him surviving no next of kin nearer than cousins and children of deceased cousins. In this proceeding for probate the children of deceased cousins seek to intervene, upon the claim that they would be entitled to share in the decedent's state, if it were found that he died intestate.

The statute of distributions is definitely construed to mean that the representation which is permitted to descendants of brothers and sisters of the decedent is denied to the descendants of any collateral relation of the decedent other than a brother or sister. Adee v. Campbell, 79 N. Y. 52; Clements v. Babcock, 26 Misc. Rep. 90, 56 N. Y. Supp. 527; Matter of Nichols, 60 Misc. Rep. 299, 113 N. Y. Supp. 277; Matter of Barry, 62 Misc. Rep. 456, 116 N. Y. Supp. 798; Matter of Schlosser, 63 Misc. Rep. 166, 116 N. Y. Supp. 796; Matter of Youngs, 73 Misc. Rep. 335, 132 N. Y. Supp. 689; Utica Trust & D. Co. v. Thomson, 87 Misc. Rep. 32, 149 N. Y. Supp. 392.

Some of the cases cited arose under the present statute, which provides:

"No representation shall be admitted among collaterals after brothers' and sisters' descendants." Decedent Estate Law (Consol. Laws, c. 13) § 98, subd. 12.

Some arose under the earlier statute, in which the provision was:

"No representation shall be admitted among collaterals after brothers' and sisters' children." Code Civ. Proc. § 2732, subd. 12, as amended by Laws 1893, c. 686.

But for the present purpose all these cases have the same meaning, and they wholly exclude the second cousins from representation.

Neither Matter of De Voe, 107 App. Div. 245, 94 N. Y. Supp. 1129, affirmed 185 N. Y. 536, 77 N. E. 1185, nor Matter of Prote, 54 Misc. Rep. 495, 104 N. Y. Supp. 581, has any application. Both were decided under the same statutory condition. At the time of the death of the decedents in both these cases the provision, "No representation shall be admitted among collaterals after brothers' and sisters' children," was repealed, and there had been put in its place:

"Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate." Laws 1898, c. 319.

That Matter of Prote, supra, contains nothing to support the contention of the moving parties appears, when we find that the late Surrogate Millard, who wrote therein, was afterward constrained by subdivision 12 of section 98 of the Decedent Estate Law, as it now stands, to hold that, where the decedent left no nearer kin than cousins and descendants of deceased cousins, the cousins take the entire personal estate. Matter of Schlosser, supra.

The motion must be denied.

Motion denied.