WILSON M. POWELL, etc., Plaintiff, *v.* VIOLA HART CARPENTER and Others, Defendants.

Supreme Court, New York County, April —, 1929.

*Wilson M. Powell* in person.

*A. A. Michel*, for the defendants.

*R. P. Beyer*, for the State.

COTILLO, J.   This is an action for instruction as to the distribution of the principal and the accumulated income on the principal of a trust fund which will be binding on every one.   Wilson M. Powell is the trustee under a deed of trust dated January 2, 1915, in which the life beneficiary of the trust is one Allen Cunningham. The trust deed provides that the trustee shall hold in trust the sum of $30,000 during the lifetime of Allen Cunningham, and upon his death distribute the principal of the trust fund as follows: " and upon the decease of the said Allen Cunningham  *  *  *  the party of the third part or his successor or assigns shall pay over, distribute and divide the said trust fund, together with all the accumulated income thereon, in such manner and to such persons and parties as he, the said Allen Cunningham  *  *  *  shall by his last will and testament, executed in the presence of two or more witnesses and in accordance with the laws of the State of New York, have directed, limited or appointed, and in default of such appointment then on the death of said Allen Cunningham  *  *  * to pay over the said trust fund unto and among the lawful issue of said Allen Cunningham, each child of his then living taking one equal share thereof, and the issue of any deceased child or children taking by representation the share which the deceased parent would have taken if living.   But if the said Allen Cunningham  *  *  * shall leave no issue, then in default of such appointment upon the decease of said Allen Cunningham his successors or assigns shall divide the said trust fund and property hereby assigned to and among the next of kin of said Allen Cunningham according to the laws of distribution of the State of New York."

I find that Allen Cunningham died on October 5, 1924, intestate, as the proof offered indicates that he left no will and that a diligent search has been made in all those places where a will might be found, and a diligent inquiry was made of all those persons who might know about such a will analogous to the proof required to obtain letters of administration, and letters of administration were granted in the estate of Allen Cunningham.

On his death bed Allen Cunningham told a friend, one Mr. Ford, that he had no family and did not mention a will.   The proof shows he was unmarried and left no child surviving him.   He left no parents or brothers or sisters and no paternal aunts or uncles him surviving.   He left surviving him one maternal aunt of full blood and one maternal aunt of half blood, and three cousins of full blood and one cousin of half blood.   His maternal aunt of full blood, Caroline A. Middlebrook, and his aunt of half blood, Viola Hart Carpenter, are entitled to the whole principal of the trust fund and the income thereof since the death of Allen Cunningham.

Subdivision 5 of section 98 of chapter 18 of the Laws of 1909 (Decedent Estate Law) provides as follows: " If there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives; and if all the brothers and sisters of the intestate be living, the whole surplus shall be distributed to them; if any of them be living and any be dead, to the brothers and sisters living, and the descendants in whatever degree of those dead; so that to each living brother or sister shall be distributed such share as would have been distributed to him or her if all the brothers and sisters of the intestate who shall have died leaving issue had been living, and so that there shall be distributed to such descendants in whatever degree, collectively, the share which their parent would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degrees."

Subdivision 10 of section 98 of chapter 18 of the Laws of 1909 provides as follows: " Where the descendants, or next of kin of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal."

Caroline A. Middlebrook and Viola Hart Carpenter are both the maternal aunts of Allen Cunningham and, therefore, related in equal degree to him. There is no right of representation in respect to Allen Cunningham's cousins; they cannot take the share that their parents would have taken.

Subdivision 12 of section 98 of chapter 18 of the Laws of 1909 provides as follows: " No representation shall be admitted among collaterals after brothers and sisters descendants. This subdivision shall not apply to the estate of a decedent who shall have died prior to May eighteenth, nineteen hundred and five." (*Matter of Youngs*, 73 Misc. 335 [1911]; *Matter of Nichols*, 60 id. 299 [1908].)

The fact that Viola Hart Carpenter was only half sister of Allen Cunningham's mother is of no importance. She takes as if she were a full sister.

Subdivision 13 of section 98 of chapter 18 of the Laws of 1909 provides as follows: " Relatives of the half-blood shall take equally with those of the whole blood in the same degree; and the representatives of such relatives shall take in the same manner as the representatives of the whole blood." (*Hallett* v. *Hare,* 5 Paige, 314.)

There are no infants or incompetents, whether they have committees appointed or not, entitled to participate in the trust fund. Under the decision in *Matter of Patterson* (146 App. Div. 286, 291; affd., 204 N. Y. 677), holding that " The transfer to the beneficiary

taking effect in possession·or enjoyment only on the death of the grantor, it was, therefore, under the statute subject to tax," I hold that the gifts under this trust fund are subject to a transfer tax. Submit decision and judgment providing that the trust fund now available for distribution be distributed to Wilson M. Powell, · as executor of the last will and testament of Caroline A. Middlebrook, deceased, and to Viola Hart Carpenter, and that the accounting trustee, Wilson M. Powell, be directed to initiate appropriate transfer tax proceedings under the statute and that the amount of tax ascertained to be due shall be paid in full before·any distribution.