In the Matter of the Estate of ATHENIA F. NEUBAUER, Deceased.

Surrogate's Court, Westchester County, June 26, 1931.

*R. E. & A. J. Prime*, for the administrator.

*Kenneth C. Quencer*, special guardian for unknown distributees.

SLATER, S. In this accounting proceeding a question has arisen as to the proper method of distribution of the estate of the deceased among her next of kin.

The decedent, Athenia F. Neubauer, was a resident of the city of Yonkers, Westchester county, N. Y., and died intestate in that city on May 22, 1930, leaving personal property only, valued, as set forth in the account of proceedings herein, at $7,826.17.

She was a widow, without children or descendants of a child, and left surviving, as her only next of kin, the following: 1. Roblado Frazee, a brother. 2. Lydia E. Belknap, a sister. 3. Daisy C. Greenwood, a niece, who was a daughter of Octavia Cooley, a deceased sister. 4. George A. Peters, a nephew, who was a son of Thalia Peters, a deceased sister. Ethelbert B. Morrill, Ada C. Morrill Amadon, Dorothy Morrill Perrin, grandnephew and grandnieces, children of Frances Morrill, deceased, who was a daughter of Thalia Peters, a deceased sister. Thalia W. Malcolm, grandniece, a child of Ada Westcott, deceased, who was a daughter of Thalia Peters, a deceased sister. 5. Thomas G. Bushe, grandnephew, a child of John Bushe, deceased, who was a son of Adelide

Bushe, a deceased sister of the half blood.   6. Clara C. Coggeshall, a niece, daughter of Sarah Chevers, a deceased sister of the half blood.   Victorine W. Renton, grandniece, a child of Georgia Renton, deceased, who was a daughter of Sarah Chevers, a deceased sister of the half blood.

The decedent was one of twenty children of John Frazee, who died in or about the year 1852.   Her father was married twice and had ten children by each marriage.   The decedent was one of ten children by the second marriage.

Of the ten children by the first marriage, six died in infancy; two, Atlas Frazee and Louis Frazee, died as young men, unmarried and without descendants.   The remaining two children of the first marriage were Adelide Frazee (Bushe) and Sarah Frazee (Chevers), daughters.   Adelide Frazee married one Nicholas Bushe.   Of this marriage one child was born, John Bushe.   John Bushe died some years ago, leaving Thomas G. Bushe, an only child, whose present whereabouts is unknown, but who is believed to be still living.

Sarah Frazee married one George Chevers.   Five children were born of this marriage, to wit, Orville Chevers, Lambert Chevers, Clara C. Coggeshall, Georgia Renton and Aurion Chevers.   Of these five children, three predeceased the decedent herein, leaving no descendants.   Georgia Renton predeceased this decedent, leaving one child, Victorine Renton, now living.   Clara C. Coggeshall, the remaining child of Sarah Chevers, is now living.

Of the nine brothers and sisters of the whole blood, only Roblado Frazee, brother, and Lydia E. Belknap, sister, survive.   Five brothers died many years ago, leaving no descendants.   The remaining two were Thalia Frazee (Peters) and Octavia Frazee (Cooley), sisters.   Thalia married one Mathew Peters.   Of this marriage, three children were born, George A. Peters, a son, now living; Frances Morrill, a daughter, who died some years ago leaving three children, to wit, Ethelbert Morrill, Ada C. Amadon and Dorothy Perrin, all living.   Ada Westcott, another daughter of Thalia Peters, predeceased the decedent herein and left one daughter, Thalia W. Malcolm, now living.   The other sister of the decedent, Octavia Frazee, married a Mr. Cooley.   She predeceased the decedent herein and left one daughter, Daisy C. Greenwood, now living.

The attorneys for the administrator, in the transfer tax proceeding and in the memorandum submitted upon the accounting, contend that the estate should be divided into nineteen parts or shares, representing the nineteen brothers and sisters of the intestate, and work out a scheme of distribution which increases the shares of the surviving brother and sister accordingly.   The special

guardian, in his report, contends that the method of distribution as proposed by the attorneys for the administrator is incorrect and that the net estate should be divided into six parts or shares. I agree with this latter conclusion.

The distribution of the estate of the deceased is governed by the law in force at the time of her death, and is found in section 98 of the Decedent Estate Law, being chapter 18 of the Laws of 1909. The particular subdivisions of section 98 which are applicable are subdivisions 5, 11 and 12, reading as follows:

" 5. If there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives; and if all the brothers and sisters of the intestate be living, the whole surplus shall be distributed to them; if any of them be living and any be dead, to the brothers and sisters living, and the descendants in whatever degree of those dead; so that to each living brother or sister shall be distributed such share as would have been distributed to him or her if all the brothers and sisters of the intestate who shall have died leaving issue had been living, and so that there shall be distributed to such descendants in whatever degree, collectively, the share which their parent would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degrees."

" 11. When such descendants or next of kin are of unequal degrees of kindred, the surplus shall be apportioned among those entitled thereto, according to their respective stocks; so that those who take in their own right shall receive equal shares, and those who take by representation shall receive the share to which the parent whom they represent, if living, would have been entitled.

" 12. No representation shall be admitted among collaterals after brothers and sisters descendants. This subdivision shall not apply to the estate of a decedent who shall have died prior to May eighteenth, nineteen hundred and five."

The attorneys for the administrator have called attention to *Matter of Suckley* (11 Hun, 344), decided in 1877, which held that where an intestate died unmarried, leaving him surviving as next of kin a brother and sister and four grandchildren of a deceased halfbrother, the personal estate should be distributed between the brother and sister and that the grandchildren of the deceased brother have no interest therein. Also, to the case of *Woodward* v. *James* (115 N. Y. 346), decided October, 1889, which held that, under the Statute of Distribution then in force, representation went no further than brothers' and sisters' children. These cases are

not analogous to the instant case because of the amendments to the law made since they were decided.

Prior to 1898, subdivision 12 of section 2732 of the Code of Civil Procedure (then dealing with this subject of distribution) provided that " no representation shall be admitted among collaterals after the brothers' and sisters' children." Chapter 319 of the Laws of 1898 amended this provision so as to read: " Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate." The Real Property Law (Gen. Laws, chap. 46) thus referred to provided for the descent of real property as follows: " § 287. If all the brothers and sisters of the intestate be living, the inheritance shall descend to them; if any of them be living and any be dead, to the brothers and sisters living, and the descendants, in whatever degree, of those dead; so that each living brother or sister shall inherit such share as would have descended to him or her if all the brothers and sisters of the intestate who shall have died, leaving issue, had been living, and so that such descendants in whatever degree shall collectively inherit the share which their parent would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degree."

Subdivision 5 of section 2732 provided: " If there be no widow and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased and their legal representative."

Subdivision 10 provided: " Where the descendants, or next of kin of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal."

In 1903, subdivision 5 of section 2732 of the Code was amended (Laws of 1903, chap. 367). This section as amended, reads as follows (the amendment being inclosed in brackets): " 5. If there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives; [and if all the brothers and sisters of the intestate be living, the whole surplus shall be distributed to them; if any of them be living and any be dead, to the brothers and sisters living, and the descendants in whatever degree of those dead; so that to each living brother or sister shall be distributed such share as would have been distributed to him or her if all the brothers and sisters of the intestate who shall have died leaving issue had been living, and so that there shall be distributed to such descendants in whatever degree, collectively, the share which their parent would have received if

living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degrees]." (*Matter of Butterfield*, 211 N. Y. 395, 403.)

In 1905 (Laws of 1905, chap. 539), subdivision 12 of section 2372 of the Code of Civil Procedure was amended to read: " No representation shall be admitted among collaterals after brothers and sisters *descendants.*"

This provision, prior to the amendment of 1898, had read: " No representation shall be admitted among collaterals, after brothers' and sisters' *children.*"

These provisions, without any change, were transferred to the Decedent Estate Law (section 98) and sections 287 and 288 of the Real Property Law became sections 87 and 88 of the Decedent Estate Law. This was the law in force at the time of the death of the decedent.

In *Matter of Prote* (54 Misc. 495) Surrogate MILLARD of Westchester county said: " The underlying principle, which, it seems to me, is the proper basis for the decision of all of such cases, is that you must first find the nearest class of relationship to the intestate and that each one in the nearest class takes an equal share of the said estate; and the representatives of any in that class who have died take the share to which the parent would have been entitled."

The statute is very clear as to the manner in which this estate should be distributed. It provides that if any of the brothers and sisters of the intestate " be living and any be dead, to the brothers and sisters living, and the descendants in whatever degree of those dead; so that to each living brother or sister shall be distributed such share as would have been distributed to him or her if all the brothers and sisters of the intestate *who shall have died leaving issue* had been living, and so that there shall be distributed *to such descendants in whatever degree,* collectively, the share which their parent would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of such intestate whenever such descendants are of unequal degrees."

The contention made by the attorneys for the administrator that those brothers and sisters who predeceased the decedent herein without leaving descendants must be counted in making the distribution is erroneous. They refer to no law that sustains it and there is none.

It is, therefore, held that the estate of the deceased shall be divided into six equal parts or shares and distributed as follows: (1) Lydia Belknap, sister, one-sixth; (2) Roblado Frazee, brother,

one-sixth; (3) Thomas G. Bushe, grandnephew, one-sixth; (4) Daisy C. Greenwood, niece, one-sixth; (5) Clara C. Coggeshall, niece, one-twelfth; (6) Victorine W. Renton, grandniece, one-twelfth; (7) George A. Peters, nephew, one-eighteenth; (8) Thalia W. Malcom, grandniece, one-eighteenth; (9) Ada C. Morrill Amadon, grandniece, one-fifty-fourth; (10) Dorothy Morrill Perrin, grandniece, one-fifty-fourth; (11) Ethelbert B. Morrill, grandnephew, one-fifty-fourth. (*Matter of Butterfield,* 211 N. Y. 395; *Matter of Samson,* 139 Misc. 490; Jessup-Redfield Surr. P.:. [1925 ed.] 1702, 1703 and 1704; *Matter of De Voe,* 107 App. Div. 245; *Matter of Youngs,* 73 Misc. 335; *Matter of Davenport,* 172 N. Y. 454; *Powell* v. *Carpenter,* 134 Misc. 464; *Matter of Prote,* 54 id. 495.)

Submit decree in accordance with this decision.